**UNITED STATES of America**

*v.*

**Earl BATES.**

**No. B/O 7009.**

United States District Court
E. D. Tennessee, S. D.

Aug. 14, 1968

658

Thomas A. Williams, Asst. U. S. Atty., Chattanooga, Tenn., for plaintiff.

Marvin Berke, Chattanooga, Tenn., for defendant.

## MEMORANDUM

FRANK W. WILSON, District Judge.

This case is before the Court upon an appeal from certain rulings of the United States Commissioner made in the course of a preliminary hearing. The defendant contends that the following errors were made in the conduct of the preliminary hearing: (1) that he was denied the right to place witnesses upon

the witness stand and (2) that in the course of cross-examination the government witness was permitted by the Commissioner to confer with the United States Attorney, to interpose objections, and was not required to answer certain questions, thereby denying the defendant effective cross-examination of the government witness.

A transcript of the proceedings before the United States Commissioner on the preliminary hearing has now been filed in the record. The following matters appear from this transcript. The defendant, Earl Bates, was arrested by federal ATU agents upon the morning of July 17, 1968. At 3:00 P.M. on that date he appeared before United States Commissioner Charles J. Gearhiser represented by retained legal counsel and was duly arraigned. He requested an immediate preliminary hearing. At that stage of the proceedings the only government representatives at the hearing were two ATU agents, Mr. Lawhorn and Mr. Sampley, no representative of the United States Attorney's office being present. Mr. Lawhorn stated on behalf of the Government that Mr. Sampley would be offered as the only government witness. Counsel for the defendant thereupon stated that he would desire to have Mr. Lawhorn also called as a witness. Upon this statement being made, Mr. Lawhorn advised that Mr. Sampley would not be called and that he would himself be the only government witness to testify. The defendant's attorney announced that in that event he would expect to call Mr. Sampley for examination. Mr. Lawhorn objected to both himself and Agent Sampley being called as witnesses and stated that in that event the Government would offer no witnesses. At this point the United States Commissioner requested an Assistant United States Attorney to be called to the hearing to represent the Government and this was done. Counsel for the Government then objected to the defendant being permitted to call both ATU agents for examination upon the ground that it was an attempt upon the

part of the defendant to improperly obtain discovery of the government witnesses. The United States Commissioner, after making a finding that the purpose of counsel for the defendant in seeking to call both government agents was to obtain discovery and not to further the purpose of ascertaining whether probable cause existed for binding the defendant over to the grand jury, concluded that the defendant should not be permitted to call the government agent as a witness. All parties then agreed to proceed with the preliminary hearing after reaching the understanding that the defendant would appeal the Commissioner's ruling in regard to his right to call Agent Sampley as a witness. Agent Lawhorn then testified as a government witness and was cross-examined by counsel for the defendant. At the outset of the cross-examination, the examination was interrupted at the request of the witness to permit the witness to confer with the United States Attorney. Upon one or more occasions the witness himself objected to questions asked of him, as, for example, when he was asked a question in regard to an informant. The Commissioner ruled upon these objections, sustaining the objection with regard to disclosure of the identity of the informant, but instructing the witness to leave the matter of making objections to the government counsel and not to interpose objections himself. Counsel for the Government interposed numerous objections which for the most part were overruled by the Commissioner. The hearing concluded with the examination and cross-examination of Mr. Lawhorn. The Commissioner, finding probable cause, bound the defendant over and granted bail bond without surety. The present appeal comes before this Court upon the above state of the record.

Although it is stated broadly in the defendant's initial ground for appeal that he was denied the right to call witnesses during the preliminary hearing, more correctly stated the issue is whether the Commissioner was in error under

the circumstances reflected in the record in denying the defendant the right to call Federal Agent Sampley for examination. The defendant neither offered nor requested to examine any other witnesses.

■ The defendant's right to call witnesses in his own behalf in a preliminary hearing upon a criminal charge is of course well settled. Rule 5(c) of the Federal Rules of Criminal Procedure provides in this regard that upon the preliminary hearing "The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf." However, a defendant's right to call witnesses in his own behalf does not remove from the Commissioner all supervision over the calling of witnesses, nor does it confer upon the defendant the right to call anyone and everyone as a witness, any more than the right to cross-examine witnesses confers an absolute right to cross-examine witnesses upon anything and everything. A Commissioner is not without both authority and responsibility to confine a preliminary hearing to matters relevant to the hearing's purpose. In this regard it should be borne in mind that the primary function of the preliminary hearing is to establish whether or not there is probable cause to warrant the detention of the defendant pending a hearing before the grand jury. As stated by the Court of Appeals for this Circuit in the case of Boone v. United States, 280 F.2d 911:

> "The only purpose of a preliminary hearing is to determine whether there is sufficient evidence against an accused to warrant his being held for action by a grand jury; and, after a bill of indictment has been found, there is no occasion for such hearing."

While the preliminary examination will necessarily and properly provide the defendant with a means of discovery of the Government's case, discovery is not the principal function of the hearing. See United States v. Lewis, 266 F.Supp. 897 (S.D.N.Y.1967). Although the suggestion was made in the case of Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894 (1964), cert. denied 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964, that the preliminary hearing should be converted into a discovery device, the suggestion was later rejected by the same Court on an *en banc* hearing in the case of Ross v. Sirica, 127 U.S.App.D.C. 10, 380 F.2d 557 (1967) where at page 563 the Court stated:

> "To the extent that the prosecution is put to its proof of such probable cause, the accused in effect gets discovery of that much of the government's case as is comprised of the evidence it adduces to establish probable cause. But that is an inevitable consequence of the hearing, and not its primary purpose. It may well be that there is language in the *Blue* opinion which obscures this true relationship of discovery to probable cause. But, however cloudy or misconceived that language may be the relationship, as it is given to us to understand it, is as described above.

■ The primary function of the preliminary hearing should remain the determination of probable cause and not discovery. It is not well suited for discovery and any attempt to subvert it to this purpose might well cause it to be more frequently by-passed in favor of going directly to the grand jury. See Moore Federal Practice and Procedure, § 5.04(3). Any broadening of the defendant's rights to discovery in criminal cases should more properly be left to the provisions of Rule 16, Federal Rules of Criminal Procedure, which deal specifically with this problem.

■■ In the present case the Commissioner made a determination that the principal purpose of the defendant is seeking to call ATU Agent Sampley was for discovery and not for the purpose of determining probable cause or its lack. The Court cannot say that this conclusion is without support in the record. Upon the contrary, the record appears to support the conclusion. In any event,

the Court cannot say that the Commissioner abused his discretion in arriving at this conclusion. Having concluded that the purpose in seeking to call the witness was to obtain discovery and not to shed light upon the issue of probable cause, the Commissioner was acting within his inherent authority to confine the preliminary hearing to the matters in issue in declining to require that Agent Sampley submit to examination by the defendant.

■ Turning the Court's attention to the remaining matters complained of in the present appeal, the Court is of the opinion that no error was made which would entitle the defendant to a further preliminary hearing. It does appear that the Assistant United States Attorney may have sought by means of objections to unduly confine and restrict the cross-examination, but he was not successful in this effort as his objections were overruled. It likewise appears that the witness Lawhorn was permitted to interrupt his examination to consult with the Assistant United States Attorney upon one occasion and that upon one or two occasions he objected to the propriety of questions asked him rather than leaving the matter of objection to the counsel for the Government. These matters are not so unusual as they may at first blush seem when it is recalled that this was a preliminary hearing and that the hearing commenced with Mr. Lawhorn in charge of presenting the Government's case. The Assistant United States Attorney was not called into the case until after the hearing was in progress. He presumably was wholly uninformed about the case and had to acquire his information from Agent Lawhorn after arriving at the hearing. In any event, the defendant suffered no real prejudice from these matters in the determination of the issue of probable cause. It appears that the defendant was arrested by the ATU agents while carrying a quantity of illicit whiskey from a storage point to his automobile.

The appeal will be denied. An order will enter accordingly.