UNITED STATES of America, Plaintiff-Appellee,

v.

Selim J. BLAZEWICZ, Defendant-Appellant.

No. 71–2075.

United States Court of Appeals, Sixth Circuit.

May 10, 1972.

R. Brooke Alloway, Columbus, Ohio, and Fred W. Crow, Jr., Pomeroy, Ohio, Topper, Alloway, Goodman, DeLeone & Duffey, James F. DeLeone, Columbus, Ohio, on brief, for defendant-appellant.

W. Robinson Watters, Columbus, Ohio, William W. Milligan, U. S. Atty., Robert D. Zitko, Asst. U. S. Atty., Columbus, Ohio, on brief, for plaintiff-appellee.

Before CELEBREZZE, McCREE, and KENT, Circuit Judges.

PER CURIAM.

This is an appeal from conviction, after a jury trial, of five counts of knowingly falsifying material facts by filing claims for payment under Medicare for house calls which appellant had not made, in violation of 18 U.S.C. § 1001. Two issues are presented on appeal: (1) that there was no proof that appellant had knowledge that false claims were made with respect to services covered by Medicare; and (2) the court committed prejudicial error in its instruction that appellant might be found guilty if he willfully directed the making of false claims for Medicare payments, and in its failure to charge that appellant was not guilty if the house calls in question were in fact made on his behalf by an agent with authority to act.

The proofs indicated that appellant did not make the house calls for which payment was requested from the Government, but there was testimony that his nurse made the calls, and that a nurse had signed his name to the requests for payment without his knowledge. Apparently the jury rejected the defense that appellant did not authorize the filing of the claims and that the nurse had in fact made the house calls.

We hold that there was ample evidence to permit the jury to find that defendant had knowledge that the claims were false and that he authorized their filing, and we determine that the instruction that appellant could be convicted if he willfully authorized another to submit for him a false request for payment was correct. *See* McClanahan v. United States, 230 F.2d 919 (5th Cir. 1956), cert. den., 352 U.S. 824, 77 S.Ct. 33, 1 L.Ed.2d 47 (1957). The request for the supplementary charge was not made in writing nor at the close of the evidence as required by Rule 30, Fed.R. Crim.P., and the District Court's refusal to give it after he had instructed the jury was not an abuse of discretion. *See* United States v. Kahaner, 317 F.2d 459, 477 (2d Cir.), cert. den., Corallo v. United States, 375 U.S. 835, 84 S.Ct. 62, 11 L.Ed.2d 65 (1963). We find no error in the charge as given.

Affirmed.