No. 26143

The People of the State of Colorado v. Joseph R. Quinn, District Judge, and the District Court in and for the Second Judicial District of Colorado

(516 P.2d 420)

Decided November 26, 1973.

246

Dale Tooley, District Attorney, O. Otto Moore, Assistant, Brooke Wunnicke, Chief Appellate Deputy, for petitioner.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Harold A. Haddon, Chief Trial Deputy, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The district attorney filed an original proceeding in this court seeking relief in the nature of prohibition. The order which the district attorney attacks granted the defendant discovery under Crim. P. 16 prior to a preliminary hearing. We issued a rule to show cause and now make that rule absolute.

An information was filed in the district court against Larry Alex Orona containing two counts and charging premeditated murder of Judith L. Quintana and Marion Reffel (1971 Perm. Supp., C.R.S. 1963, 40-3-102(a)). After the information was filed, the defendant demanded a preliminary hearing and filed a motion for discovery and inspection to prepare for the preliminary hearing. The motion was heard, and the trial judge ordered that the district attorney comply with the requests contained in the defendant's motion for discovery. Pursuant to C.A.R. 21, the district attorney filed an original proceeding in this court and asserted that Crim. P. 16(g) prohibits the granting of discovery prior to an arraignment. Crim. P. 16(g) provides:

"(g) *Time of Motions.* A motion under this Rule may be made only within ten days after arraignment or at such reasonable later time as the court may permit. The motion shall include all relief sought under this Rule. A subsequent motion may be made only upon a showing of cause why such motion would be in the interest of justice."

In our view, Crim. P. 16(g) does not provide the answer to the problem which is before us. Crim. P. 16(g) is only intended to create a cut-off time for the filing of discovery motions. The rule, however, offers no guidance as to when the discovery should take place.

■ In this case, the accused has attempted to justify his requested discovery on the ground that the information sought is necessary to the preparation of an adequate defense to effectively rebut the government's case at the preliminary hearing. The defendant's argument, if accepted by this court, would transform the testing characteristics of the preliminary hearing into a "mini-trial." *See Commonwealth v. Burger,* 195 Pa. Super. 175, 171 A.2d 599 (1961); *State v. Vines,* 49 Wyo. 212, 54 P.2d 826 (1936). Although the preliminary hearing provides the defendant with an early opportunity to question the government's case, it is not designed to alter the basic proposition that an accused is entitled to one trial on the merits of the charge.

In order to determine the point in the pre-trial process when formal discovery should commence, it is necessary to examine the basic function of the preliminary hearing. There is uniform agreement in both state and federal court decisions that the primary purpose of the preliminary hearing is to determine whether probable cause exists to support the prosecution's charge that the accused committed a specific crime. Anderson, *The Preliminary Hearing — Better Alternatives or More of the Same?,* 35 Mo. L. Rev. 281 (1970). *See* Note, *The Preliminary Hearing — An Interest Analysis,* 51 Iowa L. Rev. 164 (1965). However, the courts are not in agreement on whether the preliminary hearing may be used for discovery or for other purposes. 8, *J. Moore, Federal Practice,* ¶ 5.1.02[2] (2d ed. 1965); 1 *C.A. Wright, Federal Practice and Procedure,* ¶ 80 (1969). Many authorities suggest that a preliminary hearing should afford the accused "a chance to learn in advance of trial . . . the evidence that will comprise the government's case against him." *Blue v. United States,* 342 F.2d 894 (D.C. Cir. 1964). *See also Ross v. Sirica,* 380 F.2d 557 (D.C. Cir. 1967). Other persuasive authorities hold that although a preliminary hearing "may serve as a vehicle for pre-trial discovery for an accused [it] has as its principal purpose a determination of whether probable cause exists . . . ." *United States v. Chase,* 372 F.2d 453 (4th Cir.), *cert. denied,* 387 U.S. 907, 87 S.Ct. 1688, 18

L.Ed.2d 626 (1967). *See also United States v. Coley,* 441
F.2d 1299 (5th Cir.), *cert. denied,* 404 U.S. 867, 92 S.Ct. 85,
30 L.Ed.2d 111 (1971). Still other authorities reject the
discovery function entirely. *United States v. Kysar,* 459 F.2d
442 (10th Cir. 1972); *United States v. Foster,* 440 F.2d 390
(7th Cir. 1971); *United States v. Amabile,* 395 F.2d 47 (7th
Cir. 1968); and *Sciortino v. Zampano,* 385 F.2d 132 (2d Cir.
1967).

The history behind the adoption of our rule on
preliminary hearings leaves no doubt that the Colorado rule
rejects the discovery theory in its entirety and points to our
clear intent that the preliminary hearing should be held for
the limited purpose of determining that probable cause exists
to believe that a crime was committed and that the defendant
committed it. Our rule recognizes that a preliminary hearing
is a screening device and does not require that the prosecu-
tion lay out for inspection and for full examination all
witnesses and evidence.[1] The reasoning behind an early
preliminary hearing is to afford the defendant an opportunity
to challenge the sufficiency of the government's evidence to
establish probable cause by forcing the government to
present its evidence to an impartial judge for examination. In
the event probable cause is not established, the court may
dismiss the complaint and purge the docket of a fatally weak

---

[1] Although the concept of the preliminary hearing is extracted from
England's criminal procedures, the allowable scope of inquiry at a
preliminary hearing in the United States is considerably more narrow
than that which is required by the English. Under the *Prisoner's
Counsel Act,* 1836, 6 & 7 Will. 4, c. 114, and the *Sir John Jervis' Act,*
1848, 11 & 12 Vict., c. 42, the English, in effect, compel the
production of all evidence at the preliminary hearing that is to be
utilized at the time of trial. *See* 6 Wigmore, *Evidence,* § 150 at
394-395, and § 1859 at 475-476 (3d ed. 1940). Some states, such as
Arizona, which until recently granted virtually full discovery privileges
prior to or at the preliminary hearing, have attempted to more closely
approach the English example than Colorado. *State ex rel. Corbin v.
Superior Court,* 103 Ariz. 465, 445 P.2d 441 (1968); Arizona Rules of
Criminal Procedure, Rules 16-37 and 195 (1956).

case without the expenditure of large amounts of judicial time. Crim. P. 7(g)(4).

■ Moreover, to ensure that incomplete investigations do not result in the dismissal of cases which should be prosecuted, the manner in which a preliminary hearing is conducted has been eased to allow the prosecution every opportunity to prove that probable cause exists. Crim. P. 7(g)(3). Hearsay evidence, and other evidence, which would be incompetent if offered at the time of trial, may well be the bulk of the evidence at the preliminary hearing. *State v. Garcia,* 79 N.M. 367, 443 P.2d 860 (1968); *Rogers v. Superior Court,* 46 Cal.2d 3, 291 P.2d 929 (1955); *Hancock v. Hallmann,* 229 Wis. 127, 281 N.W. 703 (1938); Comment, 15 Kan. L. Rev. 374 (1967). *See also Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); 8 *J. Moore, Federal Practice,* ¶ 5.1.02[3] (2d ed. 1965); 1 *C.A. Wright, Federal Practice and Procedure,* ¶ 80 (1969).

■ Moreover, the admissibility of a confession at the preliminary hearing, which is alleged to be involuntary or the admissibility of evidence that may have been seized in violation of the Fourth Amendment to the United States Constitution need not be resolved on the same basis that we would require when a motion is properly before the trial court or at the time of trial. 8 *J. Moore, Federal Practice,* ¶ 5.1.02[3] (2d ed. 1965). Our declared purpose for a preliminary hearing also points to a limitation of cross-examination and does not require, or favor, the practice of calling all witnesses that are endorsed on the information, except in the rarest of cases. *See California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) (dissent); 8 *J. Moore, Federal Practice,* ¶ 5.1.02[3] (2d ed. 1965); 1 *C.A. Wright, Federal Practice and Procedure,* ¶ 80 (1969).

■ Thus, Colorado has, by rule, provided for a preliminary hearing on probable cause and has adopted, by rule, a liberal philosophy on discovery in criminal cases. Crim. P. 7, 16, 17.1. Even though we have provided discovery in a criminal case which is all but equal to that granted in a civil action, we are not inclined to direct that discovery be

251

completed or afforded prior to the preliminary hearing. *See State v. Vines, supra.* To us, the rules dictate that a discovery motion should be made at the earliest practicable time, but that discovery should not be ordered prior to the preliminary hearing. *See generally, Schwader v. District Court,* 172 Colo. 474, 474 P.2d 607 (1970).

If probable cause is established in a preliminary hearing, adequate time exists to effect pre-trial discovery. *See American Bar Association Standards for Criminal Justice Relating to Discovery and Procedure Before Trial,* § 2.1.

Accordingly, the trial court erred in interpreting Crim. P. 16, so as to grant discovery prior to the preliminary hearing, and therefore, we make the rule absolute.