No. 26632

**The People of the State of Colorado v. Robert T. Kingsley, District Judge, and the District Court in and for the Second Judicial District of the State of Colorado**

(530 P.2d 501)

Decided January 6, 1975.

Dale Tooley, District Attorney, O. Otto Moore, Assistant, Brooke Wunnicke, Chief Appellate Deputy, for petitioner.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Alvin D. Lichtenstein, Deputy, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The district attorney, in this original proceeding, has petitioned

this court for a writ of prohibition to prevent the trial court from enforcing an order which directed him to provide defense counsel with the names of the witnesses he expected to call at a preliminary hearing, together with copies of any relevant written or recorded statements. We issued a rule to show cause and now discharge the rule.

Tyrone P. Walton and a co-defendant were charged with aggravated robbery (1971 Perm. Supp., C.R.S. 1963, 40-4-302), and conspiracy to commit aggravated robbery (1971 Perm. Supp., C.R.S. 1963, 40-2-201). Prior to the preliminary hearing, defense counsel filed a motion for discovery which was limited to the items set forth in Crim. P. 16 I(a)(1)(I). The applicable portions of Rule 16 I provide:

"(a) Prosecutor's Obligations.

"(1) [T]he prosecuting attorney upon request of the defense counsel shall disclose to defense counsel the following material and information which is within the possession or control of the prosecuting attorney:

"(I) The names and addresses of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial, together with their relevant written or recorded statements;"

The county court denied discovery on the basis of our decision in *People v. Quinn*, 183 Colo. 245, 516 P.2d 420 (1973).

■ Thereafter, the district court, at the instance of defense counsel, issued a rule to show cause, conducted a hearing, made the rule absolute and ordered the limited discovery which was requested. The district court concluded that *Quinn* was not dispositive of the issue because our discovery rule was subsequently amended and that Crim. P. 16, as amended, clearly grants defense counsel the right to obtain the names of witnesses and any statements which they might have given prior to the preliminary hearing. We agree.

■ Subsequent to our decision in *Quinn*, Crim. P. 16 was amended and now contains unequivocal language which grants the discovery rights sought by defense counsel. Crim. P. 16, as amended, contemplates limited discovery prior to the preliminary hearing, but is not designed to convert the preliminary hearing into a mini trial. The scope of discovery prior to the preliminary

hearing is specifically limited by Crim. P. 16, as amended. The provisions in Crim. P. 16, as amended, which we are asked to construe, limit the scope of discovery to those witnesses who will be called at the preliminary hearing and the relevant statements which those witnesses may have provided to the district attorney.

■ It was not the intention of this court in amending Crim. P. 16 to provide for wide-open discovery prior to the preliminary hearing. *People v. Quinn,* 183 Colo. 245, 516 P.2d 420 (1973).

■ Crim. P. 16 I, as amended, closely parallels the delineation of the prosecutor's obligations which are set forth in § 2.1 of the *ABA Standards Relating to Discovery and Procedure Before Trial.* The right to advance notice of the witnesses who will be called by the district attorney and the production of their prior statements tends to alleviate the gaming aspects of a criminal trial and makes the search for truth meaningful. *See United States v. Augenblick,* 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969); *Palermo v. United States,* 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959).

■ The amendments to Crim. P. 16 were not, and are not, intended to convert, expand, or change the purpose of the preliminary hearing. The sole purpose of the preliminary hearing is to determine whether probable cause exists to show that an accused committed a particular crime. *People ex rel. Farina v. District Court,* 185 Colo. 118, 522 P.2d 589 (1974); *People v. Quinn,* 183 Colo. 245, 516 P.2d 420 (1973).

Accordingly, the rule is discharged.

MR. JUSTICE GROVES does not participate.