## No. 26782

**The People of the State of Colorado v. James C. Flanigan, District Judge, and the District Court in and for the Second Judicial District of the State of Colorado**

(536 P.2d 41)

Decided June 9, 1975.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for petitioner.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lawrence J. Schulman, Deputy, for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

In November 1974, a petition in delinquency (section 19-3-101, C.R.S. 1973) in the interest of M.R.P. was filed in the juvenile court, stating that the 17-year-old youth had committed the offenses of first-degree burglary and rape. Sections 18-4-202 and 18-3-401, C.R.S. 1973. A transfer hearing was held. Section 19-3-106(4)(b). At its conclusion, the judge entered an order waiving the jurisdiction of the juvenile court and transferring M.R.P. to the district court to be charged and tried as an adult. Section 19-3-108, C.R.S. 1973.

Thereafter the district attorney filed a two-count information against the minor, charging him with the substantive felony offenses. Over the People's objection, the respondent district court granted the defendant's motion for a preliminary hearing.

The People as petitioner pray for relief from that action, seeking a writ in the nature of prohibition. They allege that the respondent court acted in excess of its jurisdiction by essentially granting M.R.P. a second preliminary hearing. We issued a rule to the lower court to show cause why the relief should not be granted. We now make the rule absolute.

Section 19-3-108(1)(a) of the Children's Code reads in pertinent part:

"(1) At the transfer hearing, the court shall consider:

"(a) *Whether there is probable cause to believe that the child has committed an act for which* waiver of juvenile court jurisdiction over the child and transfer to the district court may be sought pursuant to sections 19-1-104(4)(a) [an act which would constitute a felony if committed by an adult] . . . ." (Emphasis added.)

M.R.P. had a transfer hearing. The judge made a specific finding that "probable cause has been established as to a First Degree Burglary . . . and Forcible Rape . . ., both of which are class three felonies."

Thus, the defendant has in substance received what is the sole purpose of a preliminary hearing: a judicial determination of whether probable cause exists to believe that he committed the offenses with which he is charged. *People v. Kingsley*, 187 Colo. 258, 530 P.2d 501 (1975); *People v. Quinn*, 183 Colo. 245, 516 P.2d 420 (1973). *See also* section 16-5-301, C.R.S. 1973; Crim. P. 7(h)(l). His transfer to the jurisdiction of the district court is very similar to a bind-over from county court.

M.R.P. appeared at the transfer hearing with his mother and with counsel. Section 19-1-106, C.R.S. 1973. Photographic exhibits were received into evidence. Testimony was given by the complaining witness, the police officer who responded to her outcry, the investigating detective, and the police officer who arrested the defendant. Counsel for the defendant

had full opportunity to cross-examine these witnesses. Thus, M.R.P., although before a juvenile judge rather than a county judge, had a full and fair hearing on the issue of probable cause by a court of competent jurisdiction. He was not prejudiced; no interest of the defendant or purpose of justice would be served by repeating the procedure.

The rule is made absolute.