## No. 27876

**Randall Edward Rex v. John-David Sullivan, District Judge; and the District Court, in and for the Eighth Judicial District**

(575 P.2d 408)

Decided February 21, 1978.

Inman, Flynn & Coffee, P.C., Peter R. Bornstein, Timothy A. Correll, Don C. Nelson, for petitioner.

Stuart A. VanMeveren, District Attorney, Loren B. Schall, Assistant, Francis H. Oldham, Deputy, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Petitioner Rex was charged with attempted second-degree murder, second-degree kidnapping and sexual assault on a child. He sought to compel the attendance of the alleged victim of the crime, a seven-year-old girl, at a preliminary hearing, but the respondent judge quashed the subpoena on the district attorney's motion. In this original proceeding in the nature of mandamus, the petitioner challenges that ruling. We issued a rule to show cause why we should not vacate the respondent judge's order to quash the subpoena. Both parties have responded. We hold under the facts here that the respondent judge properly acted within his discretion and therefore we now discharge the rule.

At petitioner's request, a preliminary hearing was scheduled for October 5. On October 4, the seven-year-old victim was served with a subpoena issued at the request of the petitioner. As its sole witness at the hearing, the prosecution produced Detective Teeples, the investigating officer in the case. He testified about what the child had told him and other people. He also testified about his own investigation, including admissions made to him by the petitioner and the results of the execution of a search warrant at petitioner's home. Cross-examination of this witness could not be completed within the time which had been set aside for the preliminary hearing and it was continued until October 14. On October 14, the prosecution moved to quash the subpoena served on the alleged victim. It claimed that the defense counsel desired her presence only for discovery, harassment and possible impeachment. Defense counsel responded that his primary purposes in calling the victim were to negate probable cause by showing that the victim had never identified petitioner as her kidnapper and to show that none of the crimes charged had been committed.

The respondent court apparently decided to quash the subpoena because it felt that the prosecution's evidence showed that the child's testimony would be weak or non-existent on the points raised by the defense and that consequently there was no need to require her to appear. The respondent judge made the following statement on quashing the subpoena:

"Based upon the reasons why the seven-year-old girl was called to testify in this case relative to being sexually assaulted, the Court does not find that there's been any evidence prior to this that she made any report one way or the other as to her condition. And, as to the count of attempted murder, her particular recital is only that he placed his hands upon her throat and made her go to sleep. There may be other testimony or evidence that would or would not support the fact that a crime had been committed and the Defendant is connected with it. There is no identification of the Defendant, himself, as intended by the defense counsel, nor is the intent of the prosecution to attempt to do this through the victim, herself. Therefore, the Court will quash the subpoena relative to the seven-year-old victim. . . ."

At the conclusion of the preliminary hearing, during which the petitioner cross-examined several prosecution witnesses, the court found probable cause for the crimes of second-degree attempted murder and second-degree kidnapping. At the district attorney's request, the court dismissed the charge of sexual assault on a child.

Petitioner now claims that the judge's order to quash the subpoena served on the victim deprived him of his constitutional and statutory right to call witnesses and to introduce evidence in his own behalf at a preliminary hearing. Under the circumstances of this case, we disagree with the claims of the petitioner.

■■■ A defendant has no constitutional right to unrestricted confrontation of witnesses and to introduce evidence at a preliminary hearing. By rule, defendants have the right to a preliminary hearing under certain circumstances, and pursuant to the rule a defendant "may cross-examine witnesses against him and may introduce evidence in his own behalf." Crim. P. 7(h)(3). However, the preliminary hearing is not intended to be a mini-trial or to afford the defendant an opportunity to effect discovery. *E.g., People v. Treat*, 193 Colo. 570, 568 P.2d 473 (1977). Its purpose is to screen out cases in which prosecution is unwarranted by allowing an impartial judge to determine whether there is probable cause to believe that the crime charged may have been committed by the defendant. *People v. Treat, supra; People v. Quinn*, 183 Colo. 245, 516 P.2d 420 (1973).

■■■ In view of this restricted purpose, the preliminary hearing judge "may temper the rules of evidence in the exercise of sound judicial discretion." Crim. P. 7(h)(3). The right to cross-examine and to introduce evidence may be curtailed by the presiding judge consistent with the screening purpose of the preliminary hearing. *See United States v. Bates*, 287 F. Supp. 657 (E.D. Tenn. 1968) (memorandum opinion) (interpreting the similar Fed. R. Crim. P.5.1(a)). *Accord, United States v. Wilkins*, 422 F. Supp. 1371 (E.D. Pa. 1976), *aff'd*, 547 F.2d 1166 (3d Cir. 1976). Crim. P. 7 "does not require, or favor, the practice of calling all witnesses that are endorsed on the information." *People v. Quinn, supra*. However, the presiding judge may not *completely* curtail inquiry into matters relevant to the determination of probable cause. *Kuypers v. Dist. Ct.*, 188 Colo. 332, 534 P.2d 1204 (1975).

■ Petitioner relies heavily on *Kuypers v. Dist. Ct., supra.* There a deputy sheriff was the only witness called by the prosecution. He testified that three eyewitnesses identified the defendant from a photographic lineup. The record showed that defense counsel's cross-examination of the witness regarding the identification procedure was sharply curtailed when the judge sustained the prosecutor's objections to defense questions. We held that although the rules of evidence may be tempered according to the sound discretion of the judge, the judge cannot completely curtail cross-examination on testimony vital to the issue of probable cause as was done

by refusing to allow the defense counsel to probe the strength of the eye-witness identifications on cross-examination of the deputy. That case does not control here. Although the respondent judge may have partially curtailed inquiry into matters possibly relevant to probable cause by quashing the subpoena, he did not *completely* curtail inquiry, as was true in *Kuyper*. Petitioner Rex had an opportunity to cross-examine Detective Teeples about all of his testimony. There is no complaint that cross-examination of Teeples was in any way curtailed. In addition, he was allowed to call other prosecution witnesses, including a physician and a forensic specialist. His inquiry here was only minimally curtailed by the judge's action.

The respondent judge properly exercised his authority under the facts of this case. The finding of probable cause will therefore not be vacated as urged by the petitioner.

The rule is discharged.

MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON do not participate.