The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Steven Todd JACKSON, Defendant–Appellant.

No. 86CA0379.

Colorado Court of Appeals, Div. II.

July 23, 1987.

Rehearing Denied Sept. 3, 1987.

Certiorari Denied Jan. 25, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy E. Nelson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Larry Pozner & Associates, P.C., Shelley Gilman, Denver, for defendant-appellant.

METZGER, Judge.

The defendant, Steven Jackson, appeals the judgment of conviction of theft entered upon a jury verdict. As grounds for appeal, defendant first argues that in regard to evidence of a similar transaction that was the subject of a criminal charge dismissed after a preliminary hearing, the trial court erred in not barring its admission through application of the doctrine of collateral estoppel. The defendant also contends that the trial court erred in admitting evidence of other, similar acts, because the People failed to show by clear and convincing evidence that the acts were criminal in nature. We affirm.

The defendant was charged with two counts of felony theft. The first count alleged that defendant committed theft by tendering two insufficient funds checks, to-

talling $1,000, to a tire company. The second count alleged that the defendant had committed theft by tendering three insufficient funds checks to a hotel. At the preliminary hearing, the county court found that there was no probable cause to believe that defendant had the intent to deprive the hotel of a thing of value, and dismissed the second count. The People did not seek to refile that charge.

Prior to trial on count one, the People notified the court of their intent to offer several insufficient funds checks, including the checks to the hotel, as evidence of similar acts under CRE 404(b). It asserted that this evidence showed that defendant knew the bank account contained insufficient funds to cover the checks at issue. The defendant objected, based upon the county court's preliminary hearing ruling and the People's failure to seek to refile the charges in the district court. The trial court overruled the defendant's objection. When the People offered the evidence at trial over the defendant's objection, the court gave the appropriate limiting instructions. The jury convicted defendant and this appeal followed.

### I.

The defendant first argues that the trial court erred in failing to apply the doctrine of collateral estoppel as a basis for barring introduction of the checks given to the hotel. Relying on *People v. Arrington*, 682 P.2d 490 (Colo.App.1983), he contends that once the charge was dismissed by the county court for lack of probable cause after the preliminary hearing, the People were collaterally estopped from using the checks as evidence of a similar transaction. We do not agree.

In *People v. Arrington, supra,* we held that application of the doctrine of collateral estoppel is limited to those situations in which all of the following are present: (1) identity of issues; (2) final judgment on the merits; (3) identity of the parties; and (4) a full and fair opportunity to litigate the issue by the party against whom estoppel

is being asserted. Thus, we there held that if a defendant is tried for and acquitted of a crime, the underlying transaction cannot be used as evidence against him in a later proceeding. In contrast, in *People v. Hampton*, 728 P.2d 345 (Colo.App.1986) we held that collateral estoppel did not bar evidence of charges dismissed with prejudice before trial when the victim failed to appear.

In this case, we conclude that only the third element of collateral estoppel, that of identity of the parties, has been shown.

 Because the issue at trial is not identical to the issue at preliminary hearing, the first element is not present. The purpose of a preliminary hearing is to determine whether probable cause exists to support the People's allegation that the defendant committed a specific crime. *People v. Quinn*, 183 Colo. 245, 516 P.2d 420 (1973). The issue at trial concerning similar transaction evidence is whether it shows motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. CRE 404(b); *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979); *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959).

Nor has the second element, that of final judgment on the merits, been established. A preliminary hearing is not a final adjudication on the merits. If the complaint is dismissed following a preliminary hearing, the district attorney may seek to file an information in the district court charging the defendant with the same offense. Crim.P. 5(c)(4); Crim.P. 7(c). If, as here, the district attorney in the exercise of his discretion elects not to proceed further, that decision in no way alters the status of the dismissal after preliminary hearing as lacking the requisites of final adjudication on the merits. *See People v. Quinn, supra.*

 Finally, we conclude that the fourth element, a full and fair opportunity to litigate the issue by the party against whom estoppel is being asserted, is lacking. The

issues are fundamentally different, and a preliminary hearing does not determine anything other than a probability. *See People v. Ball,* 639 P.2d 1078 (Colo.1982).

◼ Consequently, we hold that where evidence of similar transactions concerns acts that have resulted in criminal charges that were dismissed after a preliminary hearing, the admission of that evidence is not barred by the doctrine of collateral estoppel.

◼ The trial court here properly admitted evidence of the insufficient funds checks to the hotel to show the defendant's absence of mistake in tendering the two checks at issue. The dismissal of the charges relating to the checks tendered to the hotel did not preclude use of this evidence for this purpose.

## II.

The defendant also contends that the trial court erred in admitting evidence of other insufficient fund checks, arguing that the People failed to establish by clear and convincing evidence that the issuance of those checks was criminal in nature. We affirm.

◼ Contrary to defendant's contention, CRE 404(b) is not limited in application only to evidence of other crimes. So long as procedural and substantive prerequisites are met, the rule permits admission of evidence of any other acts *similar* to the ones charged as being criminal if the evidence is offered for proof of a material issue framed in the case. *People v. Campbell,* 706 P.2d 431 (Colo.App.1985).

◼ Here, the People offered the evidence of the insufficient funds checks to show the defendant's knowledge, intent, or absence of mistake or accident at the time he issued the checks which formed the basis of the charge. These factors were material to the issues in the case since they related to defendant's intent, a necessary element of the offense of theft. The

record shows that the procedural and substantive prerequisites of *Honey, supra,* and *Stull, supra,* were met. Accordingly, admission of the evidence was not error.

Judgment affirmed.

SMITH and STERNBERG, JJ., concur.