The **PEOPLE** of the State of Colorado, Petitioner–Appellee,

v.

The **ADAMS COUNTY COURT,** and the Honorable John J. Vigil, Respondents–Appellants.

No. 87CA1795.

Colorado Court of Appeals, Div. I.

Dec. 8, 1988.

James F. Smith, Dist. Atty., Michael J. Milne, Deputy Dist. Atty., Brighton, for petitioner-appellee.

Anthony T. Accetta and Associates, P.C., Anthony T. Accetta, Lee A. Applegate, Denver, for respondents-appellants.

PIERCE, Judge.

Respondents, the Adams County Court and the Honorable John Vigil, appeal a district court order which found, pursuant to C.R.C.P. 106(a)(4), that the respondent court had exceeded its jurisdiction in issuing an order for the discovery of certain materials. We affirm.

An individual was charged with two felony counts of theft by receiving. Prior to the preliminary hearing, the accused filed a motion in county court requesting disclosure by the prosecution of certain materials relevant to his defense of entrapment. The county court granted the motion based on a determination that discovery was provided for under Crim.P. 16. The prosecution then appealed to the district court, pursuant to C.R.C.P. 106. The district court, acknowledging the limited jurisdiction of county courts in felony cases, ruled that the county court had exceeded its jurisdiction in ordering the disclosure of materials relating to an affirmative defense.

## I.

Respondents contend that Crim.P. 16, as amended, allows broad discovery prior to the preliminary hearing. We agree that Crim.P. 16 provides for disclosure by the prosecution of all materials set forth in Crim.P. 16 Part I(a), which no longer limits discovery based on whether those materials are to be presented at the preliminary hearing or at trial. We hold, however, that a county court's jurisdiction to order disclosure pursuant to Crim.P. 16 Part I(d) is limited.

An analysis of the history of Crim.P. 16 is necessary to an understanding of the current version of the rule. The recent history of Crim.P. 16, and the case law interpreting it, began with *People v. Quinn*, 183 Colo. 245, 516 P.2d 420 (1973), which barred any discovery prior to the preliminary hearing. Crim.P 16 was later amended to allow limited discovery prior to the preliminary hearing and *Quinn* was modified by *People v. Kingsley*, 187 Colo. 258, 530 P.2d 501 (1975). The rule in effect at the time of the *Kingsley* opinion, required limited disclosure by the prosecution, at the request of the defense.

Under the *Kingsley* version of the rule, the prosecution was required to disclose certain materials, set forth in Part I(a)(1), based on whether they were to be presented "at the hearing or trial." This phrase no longer appears in the current version of Crim.P. 16. However, although the rule no longer limits discovery based upon its relevance to hearing issues, the restricted statutory authority given to county courts imposes similar limitations on the availability of discretionary disclosures before a preliminary hearing.

Under the current version of the rule, the items set forth in Part (I)(a)(1) are to be made available to the defense "as soon as practicable." Crim.P. 16 Part I(b)(1) and Crim.P. 16 Part I(b)(3). These required disclosures are, by the terms of the rule, non-discretionary.

The policy reason for the change in Crim. P. 16 is to provide for open file disclosure of such materials in the interest of minimizing the need for judicial intervention with basic discovery as it provides for prompt, *self-executing* disclosure by the prosecution. It also allows for the preparation of a defense as soon as possible. *See* 2 ABA *Standards for Criminal Justice*, Standard 11–2.1 and its commentary (2d ed. 1982).

■ Although, as the prosecution observes, the absolute deadline for production of all routine, non-discretionary material varies depending upon the type of discovery material, from as little as 20 days after a defendant's first appearance to 30 days before trial, the time for production of all such material is initially specified to be "as soon as practicable." Crim.P. 16 Part I(b). That phrase would be meaningless if the rule were read to require production no later than the absolute deadlines. Therefore, we interpret the rule to require the prosecution to make available to the defense all non-discretionary material, as set forth in Crim.P. 16 Part I(a)(1), whether or not it is relevant to preliminary hearing issues. We need not discuss the issue of how, or from what court, judicial intervention is obtained if Crim.P. 16 Part I(a)(1) is violated by the prosecution because no non-discretionary materials were requested here.

Judicial intervention, however, is required if the prosecution fails to comply or if disclosure is discretionary. Although the prosecution in this case did have an open file policy, the defense requested certain materials which the prosecution refused to make available to it. That request was for the disclosure of the identity of a confidential informant; the tape recording of a transaction between the defendant, the confidential informant, and undercover police; and internal police memoranda concerning the undercover operation.

The disclosure of the identity of a confidential informant, and any evidence which might reveal that identity, is a matter of judicial discretion. Crim.P. 16 Part I(f)(2). The tape recording was therefore not subject to routine disclosure under Crim.P. 16 Part I(a)(1)(VI). The disclosure of internal police memoranda is also a matter of judicial discretion, as such is not covered under Crim.P. 16 Part I(a). Crim.P. 16 Part I(d)(1). In order to rule on the discoverability of these materials, the county court must have jurisdiction.

■ If we assume that § 13–6–106, C.R.S. (1987 Repl.Vol. 6A) is constitutional, then that statute has extended to the county courts limited jurisdiction in felony cases, including the power to conduct preliminary hearings. This jurisdictional limitation circumscribes the county court's authority to order disclosure under Crim.P. 16 in felony cases.

The county court may only require disclosure of materials, pursuant to Crim.P. 16 Part I(d) if those materials are relevant to the preliminary hearing. The sole issue at the preliminary hearing is whether probable cause exists to believe that the defendant committed the crime charged. *People v. Nygren,* 696 P.2d 270 (Colo.1985). Thus, before the preliminary hearing, the county court may order discovery of discretionary materials only insofar as they are relevant to that issue.

The materials requested by the defense here relate to an affirmative defense and, therefore, are not relevant to the issue of probable cause. Consequently, the ruling of the district court vacating the order of the county court for disclosure of these materials is correct.

ORDER AFFIRMED.

STERNBERG and REED, JJ., concur.