2013 CO 31

In re: The PEOPLE of the State of Colorado, Plaintiff,

v.

John Holland BROTHERS, Defendant.

Supreme Court Case No. 12SA156

Supreme Court of Colorado,
En Banc.

May 28, 2013

Elizabeth A. Oldham, District Attorney, Fourteenth Judicial District, Ross Prindle,

Chief Deputy District Attorney, Brett Barkey, Assistant District Attorney, Steamboat Springs, Colorado, Attorneys for Plaintiff.

Douglas K. Wilson, State Public Defender, Jud Lohnes, Deputy State Public Defender, Denver, Colorado, Attorneys for Defendant.

Lisa Teesch–Maguire, Denver, Colorado, Attorney for Amicus Curiae Rocky Mountain Victim Law Center.

Justice EID delivered the Opinion of the Court.

¶ 1 The People filed this original proceeding under C.A.R. 21. They asked the county court to quash subpoenas that Respondent John Holland Brothers served on the parents of an alleged child-victim of sexual assault. The subpoenas ordered the parents to appear at Respondent's preliminary hearing and to bring their minor son, the alleged child–victim in this case. The People filed a motion to quash the subpoenas, arguing that the alleged child-victim's testimony was not necessary for the probable cause determination and that he stood to suffer unnecessary psychological harm if required to appear. The county court denied the motion pending presentation of the People's evidence at the preliminary hearing. We issued a rule to show cause.

¶ 2 We now hold that the county court abused its discretion in refusing to consider the motion to quash prior to the preliminary hearing. We agree with the People that there is a possibility of harm to the child if he is required to attend the preliminary hearing, even if he is not ultimately required to testify. Accordingly, we vacate the order denying consideration of the motion prior to the preliminary hearing, make the rule absolute, and direct the county court to conduct further proceedings consistent with this opinion.

## I.

¶ 3 The People charged Respondent with numerous offenses, including sexual assault on a child by one in a position of trust, after the alleged child-victim reported eight sexual encounters with Respondent to the police. The alleged abuse occurred when the victim, now seventeen years old, was between the ages of eleven and thirteen.

¶ 4 Pursuant to Crim. P. 17(a) and (d), Respondent served subpoenas that required the alleged child-victim and his parents to appear at the preliminary hearing. The People moved to quash the subpoenas, arguing that probable cause would be established with the investigating officer's testimony alone. The investigating officer had personally interviewed the alleged child-victim, his family, and Respondent. In support of the motion, the People attached the investigating officer's arrest warrant affidavit, which illustrated the testimony he would offer at the preliminary hearing. The People asked the court to rule on the motion to quash prior to the preliminary hearing. Respondent responded to the motion but did not explain why the alleged child-victim's testimony would be relevant in light of the People's evidence.

¶ 5 With no ruling on the motion to quash and the preliminary hearing fast approaching, the People filed a motion to stay the preliminary hearing. The People argued that it was necessary for the court to rule on the motion to quash prior to the preliminary hearing because the alleged child-victim would suffer psychological harm if required to prepare for and appear at the preliminary hearing. The People asked that the hearing be delayed in order to give the court an opportunity to rule on the motion. When the court did not respond, the People filed their C.A.R. 21 petition with this court. In the petition, the People argued that the trial court abused its discretion by failing to quash the subpoenas prior to the preliminary hearing. After the C.A.R. 21 petition was filed, the trial court issued an order denying the motion to quash until it heard the prosecution's evidence at the preliminary hearing.

¶ 6 We issued a rule to show cause and now make the rule absolute.

## II.

¶ 7 As a preliminary matter, we consider whether the District Attorney has standing to move to quash the third-party subpoenas issued in this case. Finding there to be standing, we move on to consider whether the trial court abused its discretion in failing to consider whether to quash the subpoena prior to the preliminary hearing.

### A.

¶ 8 First we consider whether the District Attorney has standing to move to quash the third-party subpoenas at issue in this case. Standing is a question of law that we review de novo. *People v. Spykstra*, 234 P.3d 662, 666 (Colo. 2010).

¶ 9 In *Spykstra*, we held that the District Attorney had standing to move to quash subpoenas duces tecum issued by a defendant to the parents of the alleged child-victim commanding that they produce electronic devices that might include communications from the child. We found that the District Attorney had "an independent interest in the prosecution of the case that confers standing to move to quash [defendant's] subpoenas." *Id.* We noted that "district attorney[s] ha[ve] the general authority to appear and participate in proceedings to which the People of the State are party." *Id.* In particular, we found that the District Attorney had an interest in "the case's management" and "the prevention of witness harassment." *Id.* Giv-

en the District Attorney's "independent interest in ensuring the propriety of the subpoenas," we concluded that the People had standing to move that they be quashed. *Id.*

¶ 10 Although *Spykstra* involved third-party subpoenas duces tecum, we find that its reasoning applies equally to the witness subpoenas at issue here. As in *Spykstra*, the District Attorney in this case has an "independent interest in ensuring the propriety of the subpoenas" and in "prevent[ing] ... witness harassment." We see no reason for conferring standing to the District Attorney in one instance and not in the other. In fact, although we have not expressly addressed the standing question as it pertains to witness subpoenas, we have found that a trial court properly quashed, at the prosecution's request, a subpoena that required a seven-year-old alleged victim to appear at a preliminary hearing. *See Rex v. Sullivan*, 194 Colo. 568, 575 P.2d 408 (1978); *cf. Williams v. Dist. Court*, 700 P.2d 549 (Colo.1985) (finding that the trial court abused its discretion in refusing to quash, on the motion of the public defender, a subpoena issued by the prosecution to the defendant's current and former public defenders).

¶ 11 Respondent points to the fact that the subpoenas duces tecum in *Spykstra* were issued under Crim. P. 17(c) ("For Production of Documentary Evidence and of Objects"),[1] and the subpoenas here were issued pursuant to Crim. P. 17(a) ("For Attendance of Witnesses")[2] and (d) ("Service on a Minor").[3]

---

1. Crim. P. 17(c) provides as follows:

 A subpoena may also command the person to whom it is directed to produce the books, papers, documents, photographs, or other objects designated therein. The subpoenaing party shall forthwith provide a copy of the subpoena to opposing counsel (or directly to the defendant if unrepresented) upon issuance. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents, photographs, or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents, photographs, or objects or

 portions thereof to be inspected by the parties and their attorneys.

2. Crim. P. 17(a) provides as follows:

 A subpoena shall be issued either by the clerk of the court in which case is filed or by one of counsel whose appearance has been entered in the particular case in which the subpoena is sought. It shall state the name of the court and the title, if any, of the proceedings, and shall command each person to whom it is directed to attend and give testimony at the time and place specified therein.

3. Crim. P. 17(d) provides as follows:

 Service of a subpoena upon a parent or legal guardian who has physical care of an uneman-

We do not believe, however, that this is a distinction that makes a difference in the standing analysis.

¶ 12 It is true that in *Spykstra* we noted that, in addition to the independent interest analysis recounted above, Crim. P. 17(c) "further support[ed]" our standing analysis because it "permits motions to quash or to modify a subpoena but does not expressly limit or enumerate who may bring such a motion." 234 P.3d at 667. But simply because we noted that Crim. P. 17(c) provided "further support[ ]" for standing does not take away from the opinion's primary rationale that is equally applicable here—that is, that the District Attorney had an independent interest in ensuring the propriety of the subpoenas at issue and in avoiding witness harassment. Moreover, we cited Crim. P. 17(c) in the negative—that is, for the fact that it does not limit who may file a motion to quash, meaning that the District Attorney was not excluded. Crim. P. 17(a) and (d) do not contain such a limitation either, as they are simply silent as to motions to quash.[4]

¶ 13 In sum, we find that, as in *Spykstra*, the District Attorney has an independent interest in ensuring the propriety of the subpoenas at issue and in avoiding witness harassment. The People therefore have standing to move to quash the witness subpoenas at issue in this case.

### B.

¶ 14 We next review whether the trial court abused its discretion by refusing to consider the People's motion to quash prior to the preliminary hearing.

 ¶ 15 Parties generally have broad power to issue witness subpoenas, which citi-

zens have an obligation to obey. Ordinarily "no preliminary showing is ... required to subpoena a witness for trial testimony." *Williams*, 700 P.2d at 554 (citing *Losavio v. Dist. Court*, 188 Colo. 127, 533 P.2d 32 (1975)). However, certain narrow circumstances require closer monitoring of the subpoena power in order to prevent abuse. In *Rex v. Sullivan*, for example, the prosecution, after presenting its evidence at the preliminary hearing, filed a motion to quash the defendant's subpoena of an alleged child-victim of sexual assault. 194 Colo. at 570, 575 P.2d at 409–10. We found that the trial court did not abuse its discretion when it granted the motion. *Id.* at 572, 575 P.2d at 411.

¶ 16 We reasoned that "[a] defendant has no constitutional right to unrestricted confrontation of witnesses and to introduce evidence at a preliminary hearing." *Id.* at 571, 575 P.2d at 410. Further, we observed that "the preliminary hearing is not intended to be a mini-trial or to afford the defendant an opportunity to effect discovery." *Id.* Instead, the "restricted purpose" of the preliminary hearing "is to screen out cases in which prosecution is unwarranted by allowing an impartial judge to determine whether there is probable cause to believe that the crime charged may have been committed by the defendant." *Id.* Given this "restricted purpose," we concluded that the trial court "may temper the rules of evidence in the exercise of sound judicial discretion" at a preliminary hearing, including the quashing of a subpoena issued to the alleged child- victim. *Id.* (internal quotation marks omitted). Ultimately, we determined that the trial court did not abuse its discretion in quashing the subpoena because the child's testimony was

---

cipated minor that contains wording commanding said parent or legal guardian to produce the unemancipated minor for the purpose of testifying before the court shall be valid service compelling the attendance of both said parent or legal guardian and the unemancipated minor for examination as witnesses. In addition, service of a subpoena as described in this subsection shall compel said parent or legal guardian either to make all necessary arrangements to ensure that the unemanci-

pated minor is available before the court to testify or to appear in court and show good cause for the unemancipated minor's failure to appear.

4. Respondent argues that the fact that Rules 17(a) and (d) do not reference motions to quash means that such motions are not permitted. This argument goes to the merits and will be considered below.

not necessary to the determination of probable cause, and therefore, "there was no need to require [the child] to appear." *Id.* at 570, 572, 575 P.2d at 410, 411.

█ ¶ 17 Our decision in *Rex* leads us to reject Respondent's argument that the trial court in this case had no authority to quash the witness subpoenas prior to a preliminary hearing. First, Respondent argues that because Rules 17(a) and (d) are silent as to the quashing of witness subpoenas, in contrast to Rule 17(c) that was at issue in *Spykstra*, a court has no authority to quash a subpoena. We disagree. Respondent's argument is refuted by *Rex*, which establishes that, as part of its discretion to control the evidence presented at a preliminary hearing, a trial court may quash a subpoena directed at an alleged child-victim where the child's testimony is determined to be unnecessary to establish probable cause. We do not believe that there is anything in Rules 17(a) and (d) that removes that discretionary authority.

¶ 18 Similarly, we disagree with the Respondent's argument that, even if a trial court has authority to quash a witness subpoena, it can only do so after having heard the prosecution's evidence at the preliminary hearing. It is true that in *Rex* the trial court quashed the witness subpoena after hearing the prosecution's evidence and determining that the child's testimony was unnecessary to the probable cause finding. *Id.* But there is nothing in *Rex* that requires the trial court to actually hear the entirety of the prosecution's evidence before it may make such a determination. Here, in their motion to quash, the People indicated that they would not be relying on the child's testimony at the preliminary hearing and the child's testimony would be unnecessary to the probable cause determination. There is nothing in *Rex* that would keep the trial court from considering

whether this determination could be made prior to the preliminary hearing—that is, by taking up the motion to quash prior to the preliminary hearing.

█ ¶ 19 We now turn to the central question in this case: whether the trial court abused its discretion in refusing to consider the People's motion to quash prior to the preliminary hearing. We begin with the notion that it is within the sound discretion of the trial court to decide when and under what circumstances to take up a motion to quash a witness subpoena. Here, however, we determine that, in the narrow circumstances of this case, it was an abuse of discretion for the trial court to refuse to consider the motion to quash prior to the preliminary hearing.

¶ 20 Implicit in our decision in *Rex* is the notion that an alleged child-victim could suffer harm if she were required to appear at a preliminary hearing when her testimony was unnecessary. 194 Colo. at 571, 575 P.2d at 410, (noting that "there was no need to require [the child] to appear" when her testimony was unnecessary). We agree with the People that the same possibility of harm is present here. The child in this case could suffer harm simply by being required to attend the preliminary hearing, even if he is not ultimately required to testify. Therefore, the trial court should have sought to avoid that harm by considering the motion to quash prior to the preliminary hearing. Accordingly, we conclude that the trial court abused its discretion when it failed to consider the motion to quash prior to the preliminary hearing.[5]

### III.

¶ 21 For the foregoing reasons, we vacate the order denying consideration of the mo-

5. We express no opinion on the merits of the motion to quash, and therefore do not address Respondent's argument, based on *McDonald v. District Court*, 195 Colo. 159, 576 P.2d 169 (1978), that he must be permitted to call the alleged child-victim in this case as an "eyewitness." We note that *McDonald* was premised on our observation that "[s]ince probable cause is

the sole issue at a preliminary hearing, it is incumbent on counsel to explain the relevance to probable cause of the testimony he intends to elicit." *Id.* at 162 n. 1, 576 P.2d at 171 n. 1. Whether the child's testimony is necessary to the probable cause determination is the very subject of the People's motion to quash.