The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Michael C. TAYLOR, Defendant–Appellee.

No. 03CA0374.

Colorado Court of Appeals, Div. IV.

July 1, 2004.

Certiorari Denied Dec. 20, 2004.*

Robert S. Grant, District Attorney, Michael J. Milne, Assistant District Attorney, Brighton, Colorado, for Plaintiff–Appellant.

David S. Kaplan, Colorado State Public Defender, Jami L. Vigil, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge LOEB.

The People appeal a trial court order dismissing charges of menacing and criminal mischief filed against defendant, Michael C. Taylor. We reverse and remand with directions to reinstate the charges.

Defendant was charged by information with menacing (a class five felony), criminal mischief (a misdemeanor), and domestic violence (a sentence enhancer).

On August 9, 2002, defendant appeared in county court for an initial advisement. De-

---

* Justice MARTINEZ would grant as to the following issues:

Whether, in order to be entitled to a preliminary hearing for a class 5 felony under section 16-5-301, 6 C.R.S. (2003), the class 5 felony must be the "primary basis" for the custodial status where the defendant is in custody for separate and different unrelated offenses.

Whether the court of appeals erred by finding that the district court did not have the authority to grant a preliminary hearing.

Whether the court of appeals erred by finding that the district court did not have the authority to dismiss the counts against Mr. Taylor when, in fact, the court was both entitled to dismiss and required to dismiss the case.

fendant was on bond and was not in custody. The trial court determined that defendant was not entitled to a preliminary hearing and scheduled the case for a dispositional hearing on October 16.

Defendant failed to appear on October 16 because he was in custody in an unrelated case from another judicial district and the prosecution had not issued a writ to bring him to the dispositional hearing. The court revoked his bond and issued a warrant for his arrest.

Defendant next appeared on November 6. At that time he was still in custody in connection with the case from the other judicial district. Defendant was also subject to a hold based on the warrant that had been issued in this case. Defense counsel informed the court that defendant had missed the October 16 dispositional hearing because he had been in custody in the other judicial district. Defense counsel then asked the court to schedule a preliminary hearing. The court denied the request, reasoning that, under Crim. P. 5(a)(4) and § 16–5–301(1), C.R.S.2003, defendant was not entitled to a preliminary hearing on a class five felony because he had not been in custody when he initially appeared. Accordingly, the court rescheduled a dispositional hearing for December 5.

At the December 5 hearing, the parties informed the court that they had been unable to negotiate a disposition. The court bound the case over to district court for arraignment and trial.

At arraignment in district court, defense counsel erroneously informed the court that the October 16 county court hearing at which defendant had failed to appear was a "setting for preliminary hearing". The deputy district attorney, apparently unfamiliar with the county court proceedings, did not correct the misstatement. Consequently, the court relied on defense counsel's misstatement and granted defendant's request for a preliminary hearing in district court.

On the day of the preliminary hearing, the prosecutor asked the district court to vacate the hearing and informed the court that defendant had not been in custody when he first appeared in county court. The court denied the request, explaining that the issue had been decided at the previous hearing. The prosecutor then informed the court that he was unable to proceed with the preliminary hearing because an essential witness was unavailable. The trial court dismissed the charges. This appeal followed.

■ The People contend that defendant was not entitled to a preliminary hearing in county court because he was not in custody in this case and that the district court erred in granting a preliminary hearing and then dismissing the case when the prosecutor could not proceed at that hearing. We agree.

The preliminary hearing was created as a screening device to afford a defendant an opportunity to challenge the sufficiency of the prosecution's evidence to establish probable cause before an impartial judge. *See People ex rel. Farina v. District Court*, 184 Colo. 406, 409, 521 P.2d 778, 779 (1974). In Colorado, the right to and procedures for a preliminary hearing are governed and limited by § 16–5–301(1) and Crim. P. 5 and 7.

In relevant part, § 16–5–301(1), provides as follows:

(a) ... [O]nly those persons accused of a class 4, 5, or 6 felony by direct information or felony complaint which felony requires mandatory sentencing or is a crime of violence as defined in section 18–1.3–406, C.R.S., or is a sexual offense under part 4 of article 3 of title 18, C.R.S., shall have the right to demand and receive a preliminary hearing within a reasonable time to determine whether probable cause exists to believe that the offense charged in the information or felony complaint was committed by the defendant.... The procedure to be followed in asserting the right to a preliminary hearing and the time within which demand therefor must be made, as well as the time within which the hearing, if demanded, shall be had, shall be as provided by applicable rule of the supreme court of Colorado. A failure to observe and substantially comply with such rule shall be deemed a waiver of this right to a preliminary hearing.

(b)(I) No person accused of a class 4, 5, or 6 felony by direct information or felony complaint, except those which require mandatory sentencing or which are crimes of violence as defined in section 18–1.3–406, C.R.S., or which are sexual offenses under part 4 of article 3 of title 18, C.R.S., shall have the right to demand or receive a preliminary hearing; except that such person shall participate in a dispositional hearing for the purposes of case evaluation and potential resolution.

(II) Any defendant accused of a class 4, 5, or 6 felony who is not otherwise entitled to a preliminary hearing pursuant to subparagraph (I) of this paragraph (b), may demand and shall receive a preliminary hearing within a reasonable time pursuant to paragraph (a) of this subsection (1), *if the defendant is in custody for the offense for which the preliminary hearing is requested; except that, upon motion of either party, the court shall vacate the preliminary hearing if there is a reasonable showing that the defendant has been released from custody prior to the preliminary hearing.*

(Emphasis added.)

Crim. P. 5(a)(4), which governs preliminary hearings in county court, places the same limitations on a defendant's right to a preliminary hearing based on the level of the offense and the accused's custodial status. In addition, Crim. P. 5(a)(4) contains the following provisions:

(I) Within ten days after the defendant is brought before the county court, either the prosecutor or the defendant may request a preliminary hearing. Upon such request, the court forthwith shall set the hearing. . . .

. . . .

(III) If the county court determines such probable cause exists or if the case is not otherwise resolved pursuant to a dispositional hearing if no preliminary hearing was held, it shall order the defendant bound over to the appropriate court of record for trial.

Similarly, Crim. P. 7(h)(1), which authorizes a district court to hold a preliminary hearing in a defined set of cases where a direct information is filed pursuant to Crim. P. 7(c), contains the same limiting language concerning class four, five or six felonies as that contained in § 16–5–301(1)(b)(I)–(II) and Crim. P. 5(a)(4).

Here, defendant does not dispute that the class five felony of menacing does not require mandatory sentencing, is not a crime of violence as defined by § 18–1.3–406, and is not a sexual offense. Thus, it is beyond question that, because defendant was not in custody at his initial county court appearance on August 9, he would not have been entitled to a preliminary hearing even if he had requested one at that time. *See* § 16–5–301(1)(b)(I)–(II); Crim. P. 5(a)(4).

I.

The first issue we must decide is whether defendant subsequently became entitled to a preliminary hearing because a hold was lodged in connection with the warrant issued in this case. We conclude he did not.

The words of a statute or rule must be interpreted according to their plain and ordinary meaning, and a reviewing court must strive to construe a statutory scheme in a manner that gives harmonious and sensible effect to all its parts. These rules of statutory construction apply with equal force to the interpretation of rules of procedure. *People v. Gilmore*, 2003 WL 21511757, 97 P.3d 123 (Colo.App. No. 01CA0120, July 3, 2003); *People v. Taylor*, 876 P.2d 130, 132 (Colo.App. 1994).

Section 16–5–301(1) and Crim. P. 5(a)(4) confer a preliminary hearing right on a person charged with a class five felony such as menacing only "if the defendant is in custody for the offense for which the preliminary hearing is requested." *See also* Crim. P. 7(h)(1). The purpose of this provision is to ensure that persons held in custody on charges for which no probable cause exists will be released swiftly. *See Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *People v. Abbott*, 638 P.2d 781 (Colo.1981)(statutory right to a preliminary hearing also has a constitutional foundation).

Further, even in cases where a person charged with a class four, five or six felony is in custody and may initially have a right to a preliminary hearing, which is not the case here, the court must vacate the hearing "if there is a reasonable showing that the defendant has been released from custody prior to the preliminary hearing." *See* § 16–5–301(1)(b)(II); Crim. P. 5(a)(4), 7(h)(1).

Here, as set forth above, defendant was taken into custody based on charges in another judicial district. Although a warrant was issued in this case after defendant failed to appear on October 16, defendant was already in custody in the other judicial district, and he remained in the primary custody of that judicial district throughout the proceedings here. Nothing in the record indicates that the offense charged in this case was ever the primary basis for defendant's custodial status. Therefore, as a practical matter, defendant was never "in custody" for this offense, for purposes of § 16–5–301(1)(b)(II). *Cf. People v. Fitzgerald,* 973 P.2d 708, 710 (Colo.App.1998) (for a defendant to receive presentence confinement credit, there must be a substantial nexus between the confinement and the charge for which the sentence is imposed). Accordingly, we conclude that defendant was not entitled to a preliminary hearing in county court.

## II.

Because of the unusual procedural history of this case, we must also address the People's contention that, once the county court bound defendant over to the district court for trial, the district court was without authority or power to grant defendant a preliminary hearing. We agree.

First, Crim. P. 5(a)(4)(III) expressly provides that, in cases such as this, where no preliminary hearing is held and the case is not resolved at a dispositional hearing, the county court "shall" bind the defendant over to the district court for trial. Neither that rule nor § 16–5–301 or Crim. P. 7 makes any provision for the district court to hold a preliminary hearing once the case is bound over for trial. Further, Crim. P. 7(h) does not apply here because it applies only in cases where a direct information is filed in district court, pursuant to Crim. P. 7(c), which was not done in this case. *See People ex rel. Farina v. District Court, supra,* 184 Colo. at 410–11, 521 P.2d at 780.

Second, even in district court, where, as here, a class five felony is involved, the legislative mandate in § 16–5–301(1)(b)(II) is clear that the court is to hold a preliminary hearing only when the defendant is in custody for the offense for which the preliminary hearing is requested. As noted above, defendant was not in custody for this offense. The plain language of the last clause of § 16–5–301(1)(b)(II), which requires a court to vacate a preliminary hearing to which the defendant was initially entitled because of custodial status when the defendant subsequently has been released from custody, is particularly compelling support for the proposition that the district court had no discretion to order a preliminary hearing in this case.

Finally, in *People ex rel. Farina v. District Court, supra,* the supreme court specifically held that the district court was not vested with the power to restore a defendant's statutory right to a preliminary hearing once the defendant had waived that right in the county court and had been bound over for trial pursuant to Crim. P. 5. In so holding, it rejected the argument that district courts have inherent power to grant preliminary hearings in all nonindictment cases and concluded that once a case is bound over for trial, "the district court was not authorized or empowered" to grant the defendant a preliminary hearing. *People ex rel. Farina v. District Court, supra,* 184 Colo. at 411, 521 P.2d at 780; *see also People v. Abbott, supra,* 638 P.2d at 781 (once the defendant has waived his right to a preliminary hearing in the county court, the right is extinguished and may not be restored in the subsequent district court proceedings).

In *Farina,* the defendant had a right to a preliminary hearing in county court and waived it. Here, because defendant was not in custody for this offense, he never had a right to a hearing, and *Farina's* reasoning and holding apply with even greater force.

Because the district court lacked the power and authority to conduct a preliminary

hearing in this case, the prosecution's failure to object to the setting of a preliminary hearing in its initial appearance before the district court could not confer such power or authority on the district court. Furthermore, it necessarily follows that the district court also was without authority to dismiss the charges based on the prosecution's inability to proceed at the scheduled, but unauthorized, preliminary hearing.

The order is reversed, and the case is remanded with directions to reinstate the charges as well as the related domestic violence sentence enhancement count.

Judge ROY and Judge VOGT concur.