Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
February 8, 2021

**2021 CO 10**

**No. 20SA262,** *In re People v. Subjack* **& No. 20SA283,** *In re People v. Lynch* **— Preliminary Hearings — Statutory Interpretation.**

The supreme court reviews whether a criminal defendant who is unable to post bond on a class 4 felony charge is "in custody" and therefore entitled to a preliminary hearing on that charge under section 16-5-301(1)(b)(II), C.R.S. (2020), and Crim. P. 7(h)(1), even if that defendant is also in custody for separate, unrelated offenses. The court overrules *People v. Taylor*, 104 P.3d 269 (Colo. App. 2004), and *People v. Pena*, 250 P.3d 592 (Colo. App. 2009), and holds that such a defendant is "in custody for the offense for which the preliminary hearing is requested" for purposes of section 16-5-301(1)(b)(II) and Crim. P. 7(h)(1) and is therefore entitled to a preliminary hearing on the current charges. The court therefore makes the rule to show cause in each case absolute.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2021 CO 10

### Supreme Court Case No. 20SA262
*Original Proceeding Pursuant to C.A.R. 21*
Fremont County District Court Case No. 20CR54
Honorable Ramsey Lama, Judge

### In Re
### Plaintiff:

The People of the State of Colorado,

v.

### Defendant:

David Subjack.

### Rule Made Absolute
*en banc*

**\* \* \* \* \***

### Supreme Court Case No. 20SA283
*Original Proceeding Pursuant to C.A.R. 21*
Fremont County District Court Case No. 20CR228
Honorable Ramsey Lama, Judge

### In Re
### Plaintiff:

The People of the State of Colorado,

v.

### Defendant:

Darryl Lewis Lynch.

---

**Attorneys for Plaintiff:**
Kaitlin B. Turner, District Attorney, Eleventh Judicial District
Aaron F. Pembleton, Deputy District Attorney
*Cañon City, Colorado*

**Attorneys for Defendant David Subjack:**
Megan A. Ring, Public Defender
Kyle Robert Nettleblad, Deputy Public Defender
*Salida, Colorado*

**Attorneys for Defendant Darryl Lewis Lynch:**
CS Law, PLLC
Carrie E. Skahan
*Colorado Springs, Colorado*

**Attorneys for Respondent the Honorable Ramsey Lama:**
Philip J. Weiser, Attorney General
Grant T. Sullivan, Assistant Solicitor General
*Denver, Colorado*

**JUSTICE MÁRQUEZ** delivered the Opinion of the Court.

¶1 In these two original proceedings pursuant to C.A.R. 21, we address whether a criminal defendant who is unable to post bond on a class 4 felony charge is "in custody" and therefore entitled to a preliminary hearing on that charge under section 16-5-301(1)(b)(II), C.R.S. (2020), and Crim. P. 7(h)(1), even if that defendant is also in custody for separate, unrelated offenses.

¶2 While serving sentences in the Department of Corrections ("DOC") for unrelated offenses, David Subjack and Darryl Lynch were each arrested and charged with possession of contraband in the first degree, which is a class 4 felony. In both cases, the court set cash-only bonds, which neither defendant posted. Subjack and Lynch each requested a preliminary hearing pursuant to section 16-5-301(1)(b)(II) ("Any defendant accused of a class 4, 5, or 6 felony . . . may demand and shall receive a preliminary hearing . . . if the defendant is in custody for the offense for which the preliminary hearing is requested.") and Crim. P. 7(h)(1) (same). The district court denied their requests, reasoning that the current charges did not form the "primary basis" of their custody.

¶3 We issued a rule to show cause in each case. We conclude that, under the facts of these cases, Subjack and Lynch are "in custody for the offense for which the preliminary hearing is requested" for purposes of section 16-5-301(1)(b)(II) and Crim. P. 7(h)(1) and are therefore entitled to a preliminary hearing on the current

charges. In so concluding, we reject the "primary basis" approach articulated in *People v. Taylor*, 104 P.3d 269 (Colo. App. 2004), and *People v. Pena*, 250 P.3d 592 (Colo. App. 2009), and relied upon by the district court in these cases. Accordingly, we make the rule to show cause in each case absolute and remand for further proceedings consistent with this opinion.

## I. Facts and Procedural History

¶4　These original proceedings arise from two unrelated cases pending before the same district court judge in the Fremont County District Court.

¶5　Subjack and Lynch are in the custody of the DOC serving sentences at the Colorado State Penitentiary. In separate incidents, correctional officers discovered each inmate in possession of a dangerous instrument. Both were charged with possession of contraband in the first degree, in violation of section 18-8-204.1(1), (3), C.R.S. (2020), which is a class 4 felony. In Case No. 2020CR54, Subjack's bond was set at $10,000 cash-only, and in Case No. 2020CR228, Lynch's bond was set at $5,000 cash-only. Neither posted bond.

## A. People v. Subjack

¶6　Subjack requested a preliminary hearing on the contraband charge. On April 20, 2020, the court set the case for preliminary hearing. On June 1, 2020, however, the district court granted the People's request for a continuance. At that time, the People also orally requested that the court vacate any future preliminary

4

hearing, arguing that under *Taylor* and *Pena*, Subjack was not entitled to a preliminary hearing because the offense charged was not the "primary basis" for his custodial status. *See Taylor*, 104 P.3d at 272; *Pena*, 250 P.3d at 594–96.

¶7 In response, Subjack argued that *Taylor* and *Pena* were incorrectly decided and that section 16-5-301(1)(b)(II) does not limit the availability of a preliminary hearing to cases serving as the "primary basis" or having a "substantial nexus" to an individual's confinement. Subjack reasoned that, in the absence of all other cases and sentences, he was unable to post bond and thus was "in custody" for the offense for which the preliminary hearing was requested.

¶8 On June 13, 2020, the district court ruled that, under the court of appeals' decisions in *Taylor* and *Pena*, Subjack was not entitled to a preliminary hearing. The court observed that Subjack was entitled to a preliminary hearing under the statute only if he was "in custody for the offense for which a preliminary hearing is requested." But the court reasoned that the current charge was not the "primary basis" of Subjack's confinement:

> Applying the holdings of *Pena* and *Taylor*, I do not find that the Defendant is in custody for purposes of demanding or requesting a preliminary hearing. The Defendant is in the custody of the Department of Corrections. Even were the Defendant to post bond, it would have no effect on his in-custody status. . . . Even were the [c]ourt to proceed to preliminary hearing today and find no probable cause for the offense charged, he would still remain in custody. At most, Mr. Subjack is concurrently held in Fremont and DOC custodies. But this Fremont County [c]ase is certainly not the primary

5

basis of the Defendant's custodial status, where, here, the Defendant is serving a sentence in DOC.

Subjack filed a motion to reconsider, which the district court denied.

## B. People v. Lynch

¶9 Lynch similarly requested a preliminary hearing on his contraband charge, which a magistrate granted. The People moved to vacate the preliminary hearing, however, arguing that Lynch was not entitled to a preliminary hearing under *Taylor* and *Pena* because "[a]t all time[s] during the proceedings, [he] will be in the primary custody of DOC." The magistrate denied this motion, reasoning, "The Defendant has not posted bond and he cannot be released from his DOC sentence in the meantime without posting bond. This Defendant is, therefore, held in custody on this case."

¶10 The People petitioned the district court for review. The district court vacated the magistrate's ruling and granted the People's motion to vacate the preliminary hearing. The court took issue with the magistrate's reasoning, observing that "[p]osting bond in this case would have no practical effect on the Defendant's release from his DOC sentence." It then concluded that the present case was not the "primary basis" for Lynch's custodial status and that, under *Taylor* and *Pena*, Lynch was not entitled to a preliminary hearing.

¶11   Subjack and Lynch filed separate petitions invoking our original jurisdiction under C.A.R. 21. We issued a rule to show cause in each case and now make the rule in each case absolute.

## II. Original Jurisdiction

¶12   Whether to exercise our original jurisdiction pursuant to C.A.R. 21 is within our sole discretion. C.A.R. 21(a)(1) ("Relief under this rule . . . is a matter wholly within the discretion of the supreme court."). In exercising our discretion, we are mindful that such relief "is extraordinary in nature," *id.*, and "is limited in both purpose and availability," *People v. Lucy*, 2020 CO 68, ¶ 11, 467 P.3d 332, 335 (quoting *People v. Rosas*, 2020 CO 22, ¶ 19, 459 P.3d 540, 545). In light of this narrow scope, "we have exercised our jurisdiction pursuant to C.A.R. 21 when an appellate remedy would be inadequate, when a party may otherwise suffer irreparable harm, or when a petition raises 'issues of significant public importance that we have not yet considered.'" *People v. Rowell*, 2019 CO 104, ¶ 9, 453 P.3d 1156, 1159 (citations omitted) (quoting *Wesp v. Everson*, 33 P.3d 191, 194 (Colo. 2001)).

¶13   We exercise our original jurisdiction in this case because the interpretation of section 16-5-301(1)(b)(II) and Crim. P. 7(h)(1) raises an issue of first impression that is of significant public importance. Moreover, ordinary appellate processes are inadequate here given that the relief Subjack and Lynch seek—a preliminary

hearing on the charges against them—will be moot after trial. *See People v. Tafoya*, 2019 CO 13, ¶ 15, 434 P.3d 1193, 1195.

## III. Standard of Review

¶14 The interpretation of a statute or rule is a question of law that we review de novo. *Lucy*, ¶ 19, 467 P.3d at 336. "In construing a statute, our primary purpose is to ascertain and give effect to the legislature's intent." *McCoy v. People*, 2019 CO 44, ¶ 37, 442 P.3d 379, 389 (citing *Doubleday v. People*, 2016 CO 3, ¶ 19, 364 P.3d 193, 196). In so doing, we first look to the plain language of the statute, reading the "words and phrases in context . . . according to the rules of grammar and common usage." *Id.* We must construe the statute as a whole to give "consistent, harmonious, and sensible effect to all of its parts." *Id.* at ¶ 38, 442 P.3d at 389. If the plain language is unambiguous, we apply the statute as written. *Id.* Similarly, when construing our rules of criminal procedure, "[w]e employ the same interpretive rules applicable to statutory construction." *People v. Steen*, 2014 CO 9, ¶ 10, 318 P.3d 487, 490 (citing *Kazadi v. People*, 2012 CO 73, ¶ 11, 291 P.3d 16, 20).

## IV. Analysis

¶15 In Colorado, a person charged with a class 4, 5, or 6 felony is not automatically entitled to a preliminary hearing unless the felony charged requires mandatory sentencing, is a crime of violence, or is a sexual offense. *See* § 16-5-301(1)(a), (1)(b)(I); *see also* § 18-1-404(1), (2)(a), C.R.S. (2020). However,

8

"[a]ny defendant accused of a class 4, 5, or 6 felony . . . who is not otherwise entitled to a preliminary hearing . . . may demand and shall receive a preliminary hearing . . . *if the defendant is in custody for the offense for which the preliminary hearing is requested.*" § 16-5-301(1)(b)(II) (emphasis added); *see also* § 18-1-404(2)(b) (allowing a defendant to demand and receive a preliminary hearing "if the defendant is in custody").[1]

¶16    Subjack and Lynch assert that because they have not posted bond, they are in custody for the contraband charges against them, and therefore, under the plain language of the statute, they are entitled to a preliminary hearing on those charges. They argue that *Taylor* and *Pena* were erroneously decided and that the "primary basis" approach to the custody analysis articulated in those cases goes beyond the plain language of section 16-5-301(1)(b)(II) and Crim. P. 7(h)(1).

¶17    The People, by contrast, argue that Subjack and Lynch are not in custody for the contraband charges in the Fremont County cases; instead, the primary basis of their incarceration is the DOC sentences they are serving for unrelated convictions.

---

[1] Crim. P. 7(h)(1) similarly provides that "any defendant accused of a class 4, 5, or 6 felony . . . who is not otherwise entitled to a preliminary hearing may request a preliminary hearing *if the defendant is in custody for the offense for which the preliminary hearing is requested.*" (Emphasis added.) *See also* Crim. P. 5(a)(4) (comparable rule for county court procedures).

Moreover, the People contend, the purpose of a preliminary hearing is to protect the defendant's pretrial liberty interest where no probable cause exists for the charges against him. Because Subjack and Lynch will remain in custody on their DOC sentences throughout these proceedings, a preliminary hearing on the contraband charges will not further that purpose.

¶18    We agree with Subjack and Lynch.

¶19    First, nothing in the plain language of section 16-5-301(1)(b)(II) and Crim. P. 7(h)(1) requires the offense for which a preliminary hearing is sought—here, possession of contraband—to be the "primary basis" of the defendant's custodial status. Instead, a defendant is entitled to a preliminary hearing on an offense so long as he is "in custody for [that] offense." And here, although Subjack and Lynch are in DOC custody for unrelated convictions, they are also in custody for possession of contraband in Fremont County. Arrest warrants were issued for both Subjack and Lynch on these charges, and bond was set at $10,000 cash-only and $5,000 cash-only, respectively. Neither defendant has posted bond. On these facts, Subjack and Lynch are in custody on the Fremont

10

County charges. Put simply, absent their DOC sentences, Subjack and Lynch would remain confined and in custody on the contraband charges in these cases.[2]

¶20 The People argue that the purpose of a preliminary hearing is to preserve the defendant's pretrial liberty where there is no probable cause for the charge against him. But this purpose-based argument cannot override the plain language of section 16-5-301(1)(b)(II) and Crim. P. 7(h)(1). True, section 16-5-301(1)(b)(II) and Crim. P. 7(h)(1) require the court to vacate a scheduled preliminary hearing if there is a reasonable showing that the defendant has been released. And the availability of a preliminary hearing generally corresponds to situations in which the defendant's pretrial liberty is at greater risk—high-level felonies, *see* § 16-5-301(1)(a); certain felonies of a particular nature, *see* § 16-5-301(1)(a), (1)(b)(I); and low-level felonies for which the defendant is in custody, *see* § 16-5-301(1)(b)(II). Nevertheless, we decline to import a "primary basis" qualifier into section 16-5-301(1)(b)(II) where that phrase does not exist. *See People v. Brown*, 2019 CO 50, ¶ 17, 442 P.3d 428, 432 (explaining that it is not the court's role to add

---

[2] The People point out that Subjack and Lynch will remain incarcerated on their DOC sentences even if, at the preliminary hearing, the district court determines that probable cause is lacking. While this is true, Subjack is eligible for parole on his current sentence, and a preliminary hearing could ensure that the current charge does not act as an impediment to his possible release.

11

language to a statute); *People v. Diaz*, 2015 CO 28, ¶ 12, 347 P.3d 621, 624 ("We do not add words to the statute or subtract words from it." (quoting *Turbyne v. People*, 151 P.3d 563, 567 (Colo. 2007))).

¶21   Moreover, the People's argument incorrectly assumes that a preliminary hearing functions solely to protect a defendant's pretrial liberty. A preliminary hearing also serves to determine whether probable cause exists to support the prosecution's charges against the defendant. *Maestas v. Dist. Ct.*, 541 P.2d 889, 891 (Colo. 1975). It thus acts as a "screening device" by testing "the sufficiency of the prosecution's case before an impartial judge" and "weed[ing] out the fatally weak case." *Id.*; *see also People v. Brothers*, 2013 CO 31, ¶ 16, 308 P.3d 1213, 1216 ("[T]he 'restricted purpose' of the preliminary hearing 'is to screen out cases in which prosecution is unwarranted by allowing an impartial judge to determine whether there is probable cause to believe that the crime charged may have been committed by the defendant.'" (quoting *Rex v. Sullivan*, 575 P.2d 408, 410 (Colo. 1978))); *Holmes v. Dist. Ct.*, 668 P.2d 11, 15 (Colo. 1983) ("The preliminary hearing is designed to weed out groundless or unsupported charges . . . .").

¶22   In this way, a preliminary hearing serves to

> prevent hasty, malicious, improvident, and oppressive prosecutions, to protect the person charged from open and public accusations of crime, to avoid both for the defendant and the public the expense of a public trial, to save the defendant from the humiliation and anxiety involved in public prosecution, and to . . . [ensure that] there are substantial grounds upon which a prosecution may be based.

12

Wayne R. LaFave, 4 Crim. Proc. § 14.1(a) (4th ed. 2020) (alteration in original) (quoting *Thies v. State*, 189 N.W. 539, 541 (Wisc. 1922)); *see also Holmes*, 668 P.2d at 15 (explaining that a preliminary hearing "relieve[s] the accused of the degradation and expense of a criminal trial"); *Hunter v. Dist. Ct.*, 543 P.2d 1265, 1267 (Colo. 1975) (explaining that a preliminary hearing "protects the accused by avoiding an embarrassing, costly and unnecessary trial" and "benefits the interests of judicial economy and efficiency"). Thus, while a preliminary hearing may relieve a defendant of an unwarranted restriction of personal liberty, *People v. Macrander*, 756 P.2d 356, 361–62 (Colo. 1988), it is, at its core, a screening mechanism.

¶23 In concluding that the defendants were not entitled to a preliminary hearing, the district court relied on *Taylor* and *Pena*. In *Taylor*, a division of the court of appeals held that the defendant was not entitled to a preliminary hearing because he was in the custody of another judicial district at the time and "remained in the primary custody of that judicial district throughout the proceedings" at issue. 104 P.3d at 272. Therefore, the division concluded, the offense charged was not the primary basis for the defendant's custodial status, and he "was never 'in custody' for th[at] offense." *Id.* In *Pena*, another division of the court of appeals adopted the *Taylor* analysis to come to a similar conclusion. 250 P.3d at 595–96.

13

¶24 Although the district court correctly noted it was bound by these court of appeals decisions, we conclude that these cases were erroneously decided. First, as explained above, nothing in the plain language of section 16-5-301(1)(b)(II) and Crim. P. 7(h)(1) requires an offense to form the "primary basis" of the defendant's custodial status for the defendant to be entitled to a preliminary hearing on that offense. Moreover, the *Taylor* division likened its "primary basis" approach to the "substantial nexus" test applied in the context of presentence confinement credit ("PSCC"). *See* 104 P.3d at 272 (citing *People v. Fitzgerald*, 973 P.2d 708, 710–11 (Colo. App. 1998)). However, PSCC and preliminary hearings serve different purposes. PSCC applies after a defendant is convicted and ensures that the defendant receives appropriate credit, but not duplicative credit, for time served against his sentence in a particular case. *See* § 18-1.3-405, C.R.S. (2020); *People v. Russell*, 2020 CO 37, ¶¶ 21–27, 462 P.3d 1092, 1096–98. A preliminary hearing, by contrast, occurs while the defendant maintains the presumption of innocence as to pending charges and, as discussed above, serves to screen out unwarranted prosecutions when charges are unsupported by sufficient evidence. Thus, the *Taylor* division's analogy to PSCC is questionable.

¶25 Even assuming an analogy to PSCC is appropriate, *Taylor* and *Pena* predate and are inconsistent with more recent developments in our PSCC jurisprudence. As noted above, the *Taylor* division relied upon *Fitzgerald*, in which a division of

14

the court of appeals concluded that a defendant was not entitled to additional PSCC because his "confinement necessarily [was] attributable to the sentence imposed" on an unrelated charge, rather than his failure to post bond on the pending charges. 973 P.2d at 711.

¶26 But our PSCC jurisprudence has since shifted. In *Russell*, we made clear that the charge for which the sentence is to be imposed need not be the *exclusive* cause of the defendant's confinement for the defendant to receive PSCC. ¶ 22, 462 P.3d at 1097. We explained that "when a defendant is confined on charges from two different jurisdictions, he will necessarily have to be physically confined in only one of the two jurisdictions at any given time. His confinement, however, may be *caused* by the charges in both jurisdictions . . . ." *Id.* at ¶ 25, 462 P.3d at 1097. Importantly, we clarified that the relevant question under the "substantial nexus" test is whether "the defendant would have *remained confined* on the charge or conduct for which credit is sought *in the absence* of any other charge." *Id.* at ¶ 24, 462 P.3d at 1097. In other words, "the court should ask 'what would happen if *only* the sentencing charge existed; in such a scenario, would the defendant have remained confined?'" *Id.* (quoting *People v. Torrez*, 2017 CO 91, ¶ 51, 403 P.3d 189, 200 (Márquez, J., dissenting)).

¶27 Thus, if anything, this court's current case law on PSCC actually supports Subjack and Lynch's position. Under our reasoning in *Russell*, Subjack and Lynch

15

are "in custody" for purposes of section 16-5-301(1)(b)(II) and Crim. P. 7(h)(1). If only the Fremont County charges existed—that is, if Subjack and Lynch were not serving prison sentences—they would remain in the custody of Fremont County on charges of possession of contraband because they have not posted bond on those charges.

¶28 Finally, we note that in practice, the "primary basis" approach urged by the People would be difficult to apply because it would require trial courts to identify, in often fluid circumstances, the "primary basis" of a defendant's custody. Courts would need to constantly reevaluate whether a defendant is entitled to a preliminary hearing in light of changed circumstances—for example, when cases are resolved, bonds are changed, or parole is granted or denied. Moreover, courts may not have access to information in real-time in order to make accurate determinations. By contrast, the plain language of section 16-5-301(1)(b)(II) and Crim. P. 7(h)(1) provides a bright-line rule that is easy and straightforward to administer.

¶29 In sum, we conclude that, on the facts before us, Subjack and Lynch are entitled to a preliminary hearing under section 16-5-301(1)(b)(II) and

Crim. P. 7(h)(1). In reaching this conclusion, we overrule *Taylor* and *Pena* and reject the "primary basis" approach as inconsistent with the statutory language.[3]

## V. Conclusion

¶30 For the foregoing reasons, we hold that Subjack and Lynch are entitled to a preliminary hearing. Accordingly, we make the rule to show cause in each case absolute and remand for further proceedings consistent with this opinion.

---

[3] In light of our conclusion, we need not address Subjack and Lynch's assertions that the district court's rulings denied them of due process and violated principles of equal protection.