The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division.  Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
August 12, 2021

**2021COA109**

**No. 21CA0282, *People v. Brothers* — Criminal Law — Preliminary Hearing or Waiver; Criminal Procedure — Indictment and Information — Preliminary Hearing**

A division of the court of appeals considers whether, under section 16-5-301(1)(b)(II), C.R.S. 2020, and Crim. P. 7(h)(1), a defendant who (1) bonds out the day after his court appearance on the filing of charges; (2) is rearrested months later for failing to appear at a hearing; and (3) requests a preliminary hearing while in custody is entitled to a preliminary hearing.  The division answers yes.

Extending the Colorado Supreme Court's reasoning in *People v. Rowell*, 2019 CO 104, to a new factual situation, the division concludes that Rule 7(h)(1)'s seven-day deadline for requesting a hearing did not control the defendant's situation

because he was on bond — and, thus, "could not have meritoriously requested a preliminary hearing" — for almost all of the seven days following his court appearance on the filing of charges. *Id.* at ¶ 19. Instead, under section 16-5-301(1)(b)(II), the defendant was entitled to demand and receive a preliminary hearing "within a reasonable time" after he was rearrested and placed in custody for failing to appear. *Id.* at ¶ 17. And it did not matter why the defendant was detained or whether other reasons existed for his custody status because the defendant was "in custody for the offense[s] for which the preliminary hearing [wa]s requested," § 16-5-301(1)(b)(II).

Thus, because the People presented no evidence of probable cause at the preliminary hearing, the division affirms the district court's order dismissing the defendant's felony charges and habitual criminal sentence enhancers.

COLORADO COURT OF APPEALS                                  **2021COA109**

Court of Appeals No. 21CA0282
Huerfano County District Court No. 19CR282
Honorable Leslie J. Gerbracht, Judge

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Chad W. Brothers,

Defendant-Appellee.

ORDER AFFIRMED

Division I
Opinion by JUDGE YUN
Dailey and Freyre, JJ., concur

Announced August 12, 2021

Henry L. Solano, District Attorney, Rex Delmas, Assistant District Attorney, Walsenberg, Colorado, for Plaintiff-Appellant

Matthew Ragland, Alternate Defense Counsel, Trinidad, Colorado, for Defendant-Appellee

¶ 1     Pursuant to C.A.R. 4(b)(3), the People appeal the district court's order dismissing Chad W, Brothers's felony charges and habitual criminal sentence enhancers following a preliminary hearing.  They argue that because Brothers was released from custody after appearing in court following the filing of charges, he was not entitled to demand a preliminary hearing under Crim. P. 7(h)(1) and section 16-5-301(1)(b)(II), C.R.S. 2020.

¶ 2     Extending our supreme court's reasoning in *People v. Rowell*, 2019 CO 104, to a new factual situation, we conclude that Rule 7(h)(1)'s seven-day deadline for requesting a hearing did not control Brothers's situation because he was on bond — and, thus, "could not have meritoriously requested a preliminary hearing" — for almost all of the seven days following his court appearance on the filing of charges.  *Id.* at ¶ 19.  Instead, under section 16-5-301(1)(b)(II), Brothers was entitled to demand and receive a preliminary hearing "within a reasonable time" after he was rearrested and placed in custody for failing to appear at a hearing. *Id.* at ¶ 17.  Further, because Brothers was "in custody for the offense[s] for which the preliminary hearing [wa]s requested,"

§ 16-5-301(1)(b)(II), it did not matter why Brothers was detained or whether other reasons existed for his custody status.

¶ 3    Accordingly, we affirm the district court's order.

## I.    Background

¶ 4    Just after midnight on October 26, 2019, a Huerfano County Sheriff's Office deputy stopped Brothers for a traffic violation and searched his car.  During the search, the deputy seized methamphetamine, marijuana, drug paraphernalia, driver's licenses belonging to other people, and counterfeit money.  The deputy arrested Brothers without a warrant.

¶ 5    Two days later, on October 28, Brothers appeared in custody, and the court set his bond at $3,000 cash or surety.  The public defender withdrew due to a conflict, so the court appointed alternate defense counsel.

¶ 6    Then, late in the evening of November 3, the People filed a complaint and information charging Brothers with

- possessing a controlled substance (methamphetamine) in violation of section 18-18-403.5(1), (2)(a), C.R.S. 2020, a level 4 drug felony;

- possessing more than twelve ounces of marijuana in violation of section 18-18-406(4)(a), C.R.S. 2019, a level 4 drug felony;

- possessing a forged instrument (three counterfeit $100 bills) in violation of section 18-5-105, C.R.S. 2020, a class 6 felony;

- displaying a false identification card in violation of section 42-4-309(1)(a), C.R.S. 2020, a class 3 misdemeanor;

- possessing drug paraphernalia in violation of section 18-18-428(1), C.R.S. 2020, a drug petty offense; and

- illegally using, consuming, or possessing an open container of marijuana in a motor vehicle in violation of section 42-4-1305.5, C.R.S. 2020, a class A traffic infraction.

¶ 7    The next morning, Brothers appeared in custody with defense counsel for an advisement on the filing of charges.  The court modified his bond to a personal recognizance bond, and Brothers was released.  Though Brothers was initially supposed to return for a plea hearing on December 11, 2019, his case was continued

numerous times. The People eventually filed an amended complaint adding four habitual criminal counts.

¶ 8    Then, on September 1, 2020, Brothers failed to appear for a hearing, and the court issued a warrant for his arrest with a no-bond hold. Approximately four weeks later, Brothers was arrested on the warrant in Prowers County. Because of difficulties in obtaining a writ to return him to Huerfano County, Brothers appeared in custody remotely from Pueblo County on November 23, 2020. At that time, the court appointed new alternate defense counsel and set Brothers's case for an appearance of counsel and a bond hearing on December 1.

¶ 9    On December 1, defense counsel appeared without Brothers. The court set a new bond of $10,000 cash or surety and reset the case for another hearing on December 8. Immediately following the hearing, defense counsel filed an entry of appearance in which he requested a preliminary hearing under Rule 7 and section 16-5-301. Then, on December 8, Brothers appeared in custody with counsel and again requested a preliminary hearing, waiving his right to have that hearing within thirty-five days. The court set a preliminary hearing for February 2, 2021.

¶ 10    On January 28, 2021, the People moved to vacate the preliminary hearing. They argued that, though Brothers had been eligible to demand a preliminary hearing under section 16-5-301(1)(b)(II) and Rule 7(h) on November 4, 2019, when he appeared in court following the filing of charges, he lost that right when he was released on a personal recognizance bond later that day. Brothers filed a written objection to the People's motion, and the district court denied the motion on February 1, 2021.

¶ 11    At the preliminary hearing, the People stated that they were unable to proceed. The prosecutor explained that "it is our position Mr. Brothers is ineligible for [a] preliminary hearing . . . based on his custody status at the time the charges were filed." When the court asked why the People were not able to move forward, the prosecutor explained, "Due to our chronic under funding and staffing we have to extremely prioritize our timely cases and we don't frankly have the sufficient resources or staffing to prepare on a case on which a defendant is ineligible for preliminary hearing." Defense counsel then asked the court to rule that the People had failed to establish probable cause for the level 4 drug felonies and

the class 6 felony and asked the court to dismiss those charges, as well as the four habitual criminal sentence enhancers.

¶ 12 Three days later, the court issued a written order granting Brothers's motion to dismiss the felony counts and sentence enhancers. The court construed our supreme court's decision in *Rowell* to "require[] the trial court to make a finding as to whether the request for [a preliminary hearing] is made within a reasonable time." The court concluded that, because Brothers had asked for a preliminary hearing "immediately upon the appointment of counsel," he had done so within a reasonable time and, therefore, was eligible for a preliminary hearing. The court also noted that the People had not asked for a continuance based on their inability to move forward with the hearing; "[t]hey simply refused to proceed." And because the People had put forth no evidence, the court concluded that they lacked probable cause to pursue the felony counts. It therefore dismissed those counts and the habitual criminal sentence enhancers, leaving only a misdemeanor, a drug petty offense, and a traffic infraction.

¶ 13 The People then brought this interlocutory appeal.

## II. Analysis

¶ 14    The People contend that because Brothers was released from custody on a personal recognizance bond *after* appearing in court following the filing of charges, he was thereafter precluded from demanding a preliminary hearing under section 16-3-501(1)(b)(II) and Rule 7(h)(1).[1]  We disagree.

## A. Standard of Review

¶ 15    Whether Brothers was entitled to a preliminary hearing is a question of statutory and rule interpretation that we review de novo. *See People v. Subjack*, 2021 CO 10, ¶ 14.  "In construing a statute, our goal is to ascertain and effectuate the legislature's intent." *Rowell*, ¶ 16.  We start by giving the statute's words their plain and ordinary meanings. *Id.*  We may not add to, subtract from, or change the words in the statute. *Id.*  "Instead, we must read the words as written, in context, and in accordance with the rules of grammar and common usage." *Id.*

---

[1] The People do not dispute that, if Brothers was entitled to a preliminary hearing, then "dismissal was appropriate as no evidence related to probable cause was introduced."  Nor do the People dispute that — without the felony charges — the habitual criminal sentence enhancers were properly dismissed.

¶ 16 "Similarly, when construing our rules of criminal procedure, '[w]e employ the same interpretive rules applicable to statutory construction.'" *Subjack*, ¶ 14 (quoting *People v. Steen*, 2014 CO 9, ¶ 10). To that end, we "read the language of the rule consistent with its plain and ordinary meaning, and, if it is unambiguous, we apply the rule as written." *Steen*, ¶ 10. Further, the rules of criminal procedure "shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." *Id.* (quoting Crim. P. 2).

## B. Law

¶ 17 The purpose of a preliminary hearing "is to screen out cases in which prosecution is unwarranted by allowing an impartial judge to determine whether there is probable cause to believe that the crime charged may have been committed by the defendant." *People v. Brothers*, 2013 CO 31, ¶ 16 (quoting *Rex v. Sullivan*, 194 Colo. 568, 571, 575 P.2d 408, 410 (1978)). In district court, preliminary hearings are governed by section 16-3-501 and Rule 7(h). *See also* § 18-1-404, C.R.S. 2020 (containing virtually identical provisions); Crim. P. 5(a)(4) (describing similar procedures for preliminary hearings in county court).

¶ 18     As pertinent here, "a person charged with a class 4, 5, or 6 felony is not automatically entitled to a preliminary hearing unless the felony charged requires mandatory sentencing, is a crime of violence, or is a sexual offense." *Subjack*, ¶ 15 (citing § 16-5-301(1)(a), (1)(b)(I); § 18-1-404(1), (2)(a)).  The parties agree that Brothers was charged with a class 6 felony (possessing a forged instrument) and two level 4 drug felonies (possessing more than twelve ounces of marijuana and possessing methamphetamine), so he was not statutorily entitled to a preliminary hearing.  But section 16-5-301(1)(b)(II) provides, in pertinent part,

> [a]ny defendant accused of a class 4, 5, or 6 felony or level 3 or level 4 drug felony who is not otherwise entitled to a preliminary hearing pursuant to subparagraph (I) of this paragraph (b), may demand and shall receive a preliminary hearing within a reasonable time . . . , if the defendant is in custody for the offense for which the preliminary hearing is requested; except that, upon motion of either party, the court shall vacate the preliminary hearing if there is a reasonable showing that the defendant has been released from custody prior to the preliminary hearing.

¶ 19     Rule 7(h), in turn, establishes the procedure for demanding a preliminary hearing in district court.  *See* § 16-5-301(1)(a) ("The procedure to be followed in asserting the right to a preliminary

hearing and the time within which demand therefor must be made, as well as the time within which the hearing, if demanded, shall be had, shall be as provided by applicable rule of the supreme court of Colorado."). Rule 7(h)(1), like section 16-3-501(1)(b)(II), provides that

> any defendant accused of a class 4, 5, or 6 felony or a level 3 or 4 drug felony who is not otherwise entitled to a preliminary hearing may request a preliminary hearing if the defendant is in custody for the offense for which the preliminary hearing is requested; except that, upon motion of either party, the court shall vacate the preliminary hearing if there is a reasonable showing that the defendant has been released from custody prior to the preliminary hearing.

But unlike section 16-3-501(1)(b)(II), which requires a defendant to demand a preliminary hearing "within a reasonable time," Rule 7(h)(1) provides that, "[e]xcept upon a finding of good cause, the request for a preliminary hearing must be made within 7 days after the defendant is brought before the court for or following the filing of the information in that court and prior to a plea."

¶ 20 Against this backdrop, the supreme court addressed a situation similar to Brothers's in *Rowell*. In that case, the defendant, James Rowell, was initially arrested and charged, as

10

pertinent here, with a class 4 felony. *Rowell*, ¶ 3. He "posted bond and was released the next day — before the information was filed and prior to any court appearance for the filing of the information." *Id.* About six months later, Rowell was charged in a separate case with three more class 4 felonies, a class 5 felony, and a class 6 felony. *Id.* at ¶ 4. He again posted bond before the information was filed and before any court appearance on the filing of the information. *Id.* The following month, Rowell requested a preliminary hearing on these six felonies. *Id.* at ¶ 5. The district court denied his request, "reasoning that Rowell was on bond and those charges do not require mandatory sentencing, are not crimes of violence, and are not sexual offenses." *Id.*

¶ 21    Three months after that, Rowell was charged in a third case with an additional class 4 felony and two more class 6 felonies. *Id.* at ¶ 6. The district court increased Rowell's bonds in the two older cases, and because he could not post the new bonds, he was taken into custody. *Id.* About two months later — seventy-three days after his bonds had been revoked in the two older cases but before entering a plea in either case — Rowell again requested a preliminary hearing. *Id.* at ¶ 7. The district court again denied the

request, ruling that Rowell was not entitled to a preliminary hearing under section 16-5-301(1)(b)(II) and that "when a defendant 'violates [his] bond . . . [and] get[s] remanded into custody,'" the right to a preliminary hearing "'does not come back' because '[o]nce it is gone, it is gone.'" *Id.* (alterations in original).

¶ 22   Exercising its original jurisdiction pursuant to C.A.R. 21, the supreme court concluded that the district court had erred. *Id.* at ¶¶ 9-10, 26. Construing section 16-5-301(1)(b)(II) according to its plain and ordinary meaning, the court held that "when a defendant is in custody for the offenses for which a preliminary hearing is requested and those offenses fit the criteria specified in subsection (1)(b)(II), he may demand and must receive a preliminary hearing within a reasonable time." *Id.* at ¶ 17. In doing so, the court refused to "engraft" the People's proposed restriction that section 16-5-301(1)(b)(II) "does not contemplate preliminary hearings 'at a time other than the outset of a criminal prosecution.'" *Id.*

¶ 23   The court also concluded that Rule 7(h)(1)'s seven-day deadline for requesting a preliminary hearing did not control Rowell's situation because he "became eligible for a preliminary hearing on the relevant charges months after the seven-day

deadline in Rule 7(h)(1) expired." *Id.* at ¶ 19.  The court explained

that because Rowell "was on bond . . . during the entirety of the

seven-day timeframe, he could not have meritoriously requested a

preliminary hearing on the relevant charges in a timely fashion."

*Id.*  "To attempt to apply the deadline" in his situation, the court

said, "would be to attempt to fit a square peg into a round hole."  *Id.*

### C.    Discussion

¶ 24     The People attempt to distinguish *Rowell* on three grounds.

First, the People point to the clause in section 16-5-301(1)(b)(II) and

Rule 7(h)(1) that, "upon motion of either party, the court shall

vacate the preliminary hearing if there is a reasonable showing that

the defendant has been released from custody prior to the

preliminary hearing."  They argue that, because Brothers, unlike

Rowell, bonded out *after* appearing in court on the filing of charges,

section 16-5-301(1)(b)(II) and Rule 7(h)(1) required the court to

vacate his preliminary hearing because he was released from

custody in November 2019 — before the preliminary hearing in

February 2021.  Second, the People argue that, because Brothers

requested a preliminary hearing while in custody for failing to

appear, he was not "in custody for the offense[s] for which the

preliminary hearing [wa]s requested" pursuant to section 16-5-301(1)(b)(II) and Rule 7(h)(1). And third, the People argue that, because Brothers appeared "before the court for or following the filing of the information and prior to a plea," Rule 7(h)(1) required him to show good cause for not requesting a preliminary hearing within seven days of that appearance. We are not persuaded.

¶ 25    First, in our view, the plain language of section 16-5-301(1)(b)(II) and Rule 7(h)(1) — "the court shall vacate the preliminary hearing if there is a reasonable showing that the defendant has been released from custody prior to the preliminary hearing" — does not mean that a defendant who is released from custody forever loses the right to request a preliminary hearing on his charges. Instead, when read in context with the entire statute and rule, it means only that a defendant who is no longer in custody at the time of the hearing lacks the right to a preliminary hearing pursuant to section 16-5-301(1)(b)(II) and Rule 7(h)(1). Because Brothers was in custody from the time he requested a preliminary hearing through the date of the hearing, section 16-5-301(1)(b)(II) and Rule 7(h)(1) did not require the district court to vacate the hearing.

¶ 26    Second, while it is true that Brothers was rearrested in November 2020 because of his failure to appear at the hearing in September, the reason he remained in custody (and the reason his bond was increased to $10,000) was to face the charges for which he requested a preliminary hearing.  More importantly, the supreme court has refused to "import a 'primary basis' qualifier" into the custody requirement in section 16-5-301(1)(b)(II).  *See Subjack*, ¶ 20.  Thus, as long as the defendant is "in custody for the offense for which the preliminary hearing is requested," § 16-5-301(1)(b)(II), it does not matter how he got there or whether other reasons exist for his custody status.  *Cf. Subjack*, ¶ 27 (concluding that two prison inmates charged with possession of contraband were "in custody" for purposes of section 16-5-301(1)(b)(II) and Rule 7(h)(1) "because they ha[d] not posted bond on those charges").

¶ 27    Third, Brothers was in custody for less than one of the seven days following his court appearance on the filing of charges.  For the rest of Rule 7(h)(1)'s timeframe, he, like Rowell, was on bond and "could not have meritoriously requested a preliminary hearing."  *Rowell*, ¶ 19.  In our view, Rule 7(h)(1)'s seven-day timeframe applies only to defendants who *stay in custody* for at least seven

days following their appearance on the filing of charges. Not only does this interpretation harmonize the seven-day timeframe with the requirement that the court vacate the preliminary hearing of a defendant who is no longer in custody, it also makes practical sense. At the advisement hearing, defendants like Brothers should not be forced to choose — as the People argue they should — between (1) staying in jail and requiring the government to establish probable cause and (2) being released on bond and potentially losing the right to request a preliminary hearing forever. We decline to conclude that, in creating the timeframe in Rule 7(h)(1), the supreme court intended such a result. *See* Crim. P. 2 ("These Rules are intended to provide for the just determination of criminal proceedings.").

¶ 28 We are also unpersuaded by the People's contention that our ruling today leads to an "absurd" result whereby "defendants who bond out after advisement on the complaint and comply with their obligations don't get a preliminary hearing while those who disregard theirs do." This argument misses the point. Section 16-5-301(1)(b)(II) and Rule 7(h)(1) ensure that defendants held in custody on certain low-level felony charges are swiftly released from

custody if no probable cause exists to detain them. *People v. Taylor*, 104 P.3d 269, 271 (Colo. App. 2004), *overruled on other grounds by Subjack*, ¶ 24. Thus, it is because these defendants are in custody — a significant restraint on their liberty — that it is important to allow them a preliminary hearing to ensure that probable cause exists. *See Subjack*, ¶ 22 ("[A] preliminary hearing may relieve a defendant of an unwarranted restriction of personal liberty."); *Rowell*, ¶ 12 ("[A] preliminary hearing seeks to 'protect[] the accused' by ensuring 'that the prosecution can at least sustain the burden of proving probable cause.'" (quoting *Hunter v. Dist. Ct.*, 190 Colo. 48, 51, 543 P.2d 1265, 1267 (1975))).

¶ 29 Nor does our ruling open "the floodgates" to dilatory tactics by defendants seeking to delay their trials. For one thing, section 16-5-301(1)(b)(II) requires that a request for a preliminary hearing be made "within a reasonable time" — a finding that the district court made in this case and that the People do not challenge on appeal. For another thing, Rule 7(h)(5) prohibits the district court from "entertain[ing] successive requests for [a] preliminary hearing," so defendants cannot, as the People suggest, game the system by requesting a preliminary hearing, bonding out and vacating the

hearing, and then getting rearrested and requesting another preliminary hearing.

## III. Conclusion

¶ 30 For these reasons, we affirm the district court's order.

JUDGE DAILEY and JUDGE FREYRE concur.